# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ANGELA DEBOSE,

     Plaintiff,                    Case No.: 8:25-CV-00828-WFJ-AAS

v.

FLORIDA POLYTECHNIC UNIVERSITY
BOARD OF TRUSTEES,

     Defendants.

_____/

## DEFENDANT'S AMENDED[1] MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, FLORIDA POLYTECHNIC UNIVERSITY

---

[1] Amended only as to the Certificate of Service. Specifically, on April 30, 2025, Defendant filed a Motion for Extension of Time to Respond to Plaintiff's Complaint (D.E. 5). That same date, at 2:34 P.M. EDT, the CM/ECF system emailed a Notice of Electronic Filing of said Motion, which reflected notice of same being provided to Plaintiff at 1107 W. Kirby Street, Tampa FL 33604 (which is the address contained in the signature block of Plaintiff's Complaint). On April 30, 2025, at 3:16 P.M. EST, the Court entered a paperless order Granting Defendant's Motion for Extension of Time (D.E. 6). On May 6, 2025, Plaintiff sent an email to counsel for Defendant indicating that she intended to file a Motion for Default Judgment. Counsel for Defendant advised that a Motion for Extension of Time (which counsel for Defendant conferred with Plaintiff regarding prior to filing) had already been filed and granted by the Court. Plaintiff's email appeared to insinuate that she did not receive the Defendant's Motion for Extension of Time (D.E. 5), and therefore, out of an abundance of caution, counsel for Defendant emailed her a copy of same on May 6, 2025. In an extra abundance of caution, counsel for Defendant is serving this Amended Motion to indicate in the Certificate of Service that a copy of same is being emailed to Plaintiff at awdebose@aol.com (which is the email included in Plaintiff's signature block).

BOARD OF TRUSTEES (hereinafter the "Defendant"), by and through the undersigned counsel, and pursuant to Rule 6, *Federal Rules of Civil Procedure*, hereby moves this Court for entry of an Order granting Defendant an extension of time to file its response to Plaintiff's Complaint, and in support states as follows:

1.      Defendant was served with Plaintiff's Complaint on April 10, 2025.

2.      Undersigned counsel was recently retained by Defendant in the above-captioned Action.

3.      Good cause exists to provide Defendant with an extension of time to file its response to Plaintiff's Complaint. In addition to the fact that the undersigned counsel was recently retained in this Action, the undersigned counsel needs additional time to evaluate the Complaint, and prepare and file appropriate papers with the Court (which will include, but will not be limited to a Motion to Dismiss and Requests for Judicial Noice).

4.      These filings will be necessary to address the myriad of legal issues created by Plaintiff's conduct of initiating the above-captioned Action in the United States District Court for the Middle District of Florida. One such issue is that, Plaintiff, ANGELA DEBOSE, is the subject of a vexatious litigant order in the Middle District of Florida entered by Judge Merryday on September 12, 2022,[2] and

---

[2] A certified copy of Judge Merryday's September 12, 2022 Order is attached hereto as **Exhibit "A."**

which was recently found by Judge Alikhan, United States District Judge for the District of Columbia, to apply to allegations made by ANGELA DEBOSE in a lawsuit filed in the District of Columbia that are nearly identical to the allegations contained in Plaintiff's Complaint in this Action.[3]

5.    Additionally, on the same date as the filing of this Motion (April 30, 2025), the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida, entered an Order Granting [Defendant's] Florida Polytechnic University's Motion for Order Determining Plaintiff's Status as a Vexatious Litigant and for an Order Requiring Plaintiff to Furnish Security Pursuant to Section 68.093, Florida

---

[3] A certified copy of Judge AliKhan's July 30, 2024 Memorandum Opinion dismissing ANGELA DEBOSE's action is attached hereto as **Exhibit "B."** Specifically, in that Memorandum Opinion, Judge AliKhan found that the allegations contained in the complaint filed by ANGELA DEBOSE in the United States District Court for the District of Columbia, which is predicated on allegations that are nearly identical to the allegations contained in the Complaint filed by ANGELA DEBOSE in this Action, plainly fall within the scope of Judge Merryday's vexatious litigant Order because it alleges a conspiracy on the part of the University of South Florida, Florida Polytechnic University, and their law firm and lawyers to sabotage her employment. *See* Ex. "B," p. 8 ("Ms. DeBose is subject to a vexatious litigant order barring her from bringing any lawsuit related to these events in [the Middle District of Florida]. *DeBose*, 2022 WL 9886843, at *6. Specifically, she is "ENJOINED from filing *pro se* in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with USF, . . . about any firm's or lawyer's representation of USF . . . about DeBose's litigation against USF, the members of the Board of Trustees, [and] USF's lawyers." *Id.* **The present case plainly falls within the scope of the barring order because it alleges conspiracy on the part of USF, FPU, and their law firm and lawyers to sabotage her employment**.") (emphasis added).

Statutes, and Motion to Stay Proceeding in the case of *Angela Debose v. Florida Polytechnic University Board of Trustees*, Case No.: 2024CA-00355. A copy of that Order is attached hereto as **Exhibit "C."**

6.    Importantly, the allegations raised by Plaintiff in that case (*Angela Debose v. Florida Polytechnic University Board of Trustees*, Case No.: 2024CA-00355) are nearly identical to the allegations alleged in Plaintiff's Complaint filed in this Action.

7.    Additional time is needed to prepare filings to address these issues, and numerous other meritorious grounds supporting dismissal of Plaintiff's Complaint, with the Court.

8.    Moreover, an extension of time is needed given the present litigation and trial schedule of undersigned counsel, as Lydia S. Zbrzeznj, Esq. and Nicholas T. Zbrzeznj, Esq., are scheduled for a six (6) day jury trial at the beginning of May in the matter of *Nienow v. Mastercraft Homes, LLC et al.*, Case No.: 2023-CA-5325, in the Tenth Judicial Circuit in and for Polk County, Florida.

9.    Accordingly, Defendant requests an extension of time, until May 21, 2025, to respond to Plaintiff's Complaint.

10.    The Court has broad discretion to grant the requested extension of time. *See Pineda v. American Plastics Technologies, Inc.*, 2014 WL 1946686 *9 (S.D. Fla. May 15, 2014) ("Rule 6(b) authorizes, for good cause shown, extensions of time

prior to expiration of any time period. . . .  The Court has broad discretion under this Rule.").

11.    This Motion is timely, as it is made before the expiration of the current deadline for Defendant to file a response to Plaintiff's Complaint.

12.    The enlargement sought will not prejudice Plaintiff, and counsel certifies that this motion for extension is being sought by Defendant in good faith and not for the purpose of delay.

WHEREFORE, Defendant respectfully requests that the Court grant the requested extension of time and enter an order granting Defendant an extension of time, until May 21, 2025, to file a response to Plaintiff's Complaint.

## LOCAL RULE 3.01(g) Certification

Counsel for Defendant states that he contacted the Plaintiff, by email on April 29, 2025, to confer with her on her position as to the requested extension, and Plaintiff advised that she "opposed" said request.

Respectfully submitted on May 6, 2025.

s/Nicholas T. Zbrzeznj
Nicholas T. Zbrzeznj
Florida Bar No. 98180
Lydia S. Zbrzeznj
Florida Bar No. 98181
290 1st Street S.
Winter Haven, Florida 33880
Telephone: (863) 656-6672
Facsimile: (863) 301-4500
Email: nick@southernatlanticlaw.com

lydia@southernatlanticlaw.com
pleadings@southernatlanticlaw.com
mark@southernatlanticlaw.com
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 6, 2025, a copy of the above and foregoing has been filed electronically and a copy was also electronically served upon Plaintiff via email to awdebose@aol.com.

s/Nicholas T. Zbrzeznj

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

     Plaintiff,

v.

THE UNITED STATES, et al.,

     Defendant.

_____/

CASE NO. 8:21-cv-2127-SDM-AAS

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____ DEPUTY CLERK
PRINT NAME____ JULIA BARDAK

**ORDER**

In this action, the latest engagement in a seven-year campaign, Angela DeBose, a lawyer who lost her *pro se* Title VII action against the University of South Florida, undertakes in this action to sue USF, members of the Board of Trustees, USF's lawyers in the Title VII action, the Thirteenth Judicial Circuit, the United States, and the state and federal judges who have denied DeBose relief in her eight actions against USF and others.[1] The defendants move (Docs. 30, 50, 64) to dismiss, and USF's lawyers move (Doc. 30) to enjoin DeBose as a vexatious litigant.

_____

[1] (1) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-mc-18 (M.D. Fla.); (2) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.); (3) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.); (4) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 17- CA-1652 (Fla. 13th Cir. Ct.); (5) *DeBose v. Ellucian, LP*, No. 17-CA-2114 (Fla. 13th Cir. Ct.); (6) *DeBose v. Ellucian, LP*, No. 18-CA-893 (Fla. 13th Cir. Ct.); (7) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:19-cv-1132 (M.D. Fla.); (8) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 19-CA-4473 (Fla. 13th Cir. Ct.).

Exhibit A 1 of 23

# BACKGROUND

I.    The Title VII action

In 2015, DeBose, a lawyer admitted to practice law in Wisconsin,[2] sued USF and Ellucian, LP, a software consultant retained by USF, for discrimination and retaliation, among other claims. *DeBose v. USF Board of Trustees, et al.*, No. 8:15-cv-02787-VMC-AEP (M.D. Fla.). Throughout the action, DeBose, appearing *pro se*, repeatedly moved for sanctions and asserted that USF had destroyed certain employment documents. After much briefing and several hearings, an order (Doc. 144) denies DeBose's motion for sanctions and holds (1) that USF's destruction of the documents resulted from policy and revealed no bad faith and (2) that DeBose failed to show the importance of the destroyed documents to DeBose's burden of proof. The district court granted summary judgment for Ellucian on all claims and for USF on some claims.

A trial, over which Judge Kovachevich presided, occurred on DeBose's discrimination and retaliation claims against USF.[3] The evidence at trial showed the following. *See generally*, *DeBose v. USF Bd. of Trustees*, 811 Fed. Appx. 547 (11th Cir. 2020) (per curiam). In 2014, USF began receiving complaints about DeBose's professionalism and demeanor. In July 2014, DeBose, an African American woman,

---

[2] https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1101650; *see also DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-CV-2787-EAK-AEP, 2019 WL 3465730, at *1, n.1 (M.D. Fla. Feb. 14, 2019)

[3] After Judge Kovachevich's retirement, the clerk randomly assigned Judge Covington to the case.

Exhibit A 2 of 23

filed with USF a discrimination complaint after DeBose's supervisor promoted an employee other than DeBose. In January 2015, DeBose filed a discrimination complaint with the EEOC. A month later, DeBose received a reprimand for calling a co-worker a "little girl." In April 2015, an Ellucian consultant met with DeBose to discuss the implementation of new software as part of the software development contract between USF and Ellucian. After the meeting, the Ellucian consultant reported to USF that DeBose was uncollaborative and resistant to change. USF decided not to renew DeBose's employment.

On DeBose's discrimination claim against USF, the jury found that race served as a "motivating factor" but found that USF would have fired DeBose regardless of race. On DeBose's retaliation claim, the jury found that USF had fired DeBose for complaining about discrimination and awarded DeBose $310,500. After the verdict, the district court granted USF's renewed motion for judgment as a matter of law.

DeBose appealed both the judgment and the denial of the motion for sanctions. The Eleventh Circuit affirmed in full and held that DeBose proffered neither evidence showing that her internal discrimination complaint caused her termination nor evidence rebutting USF's non-discriminatory reasons for termination. The Supreme Court denied certiorari. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, 141 S. Ct. 2518 (2021). Also, DeBose moved in the district court four times for relief from judgment and principally claimed spoliation and fraud. An order denied each motion. DeBose appealed, the Eleventh Circuit affirmed, *DeBose v. USF Bd. of Trs.*, 844

- 3 -

Fed. Appx. 99 (11th Cir. 2021), and the Supreme Court denied certiorari, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, 142 S. Ct. 80 (2021).

II.    The successive actions

During the pendency of the Title VII action and the appeal of the judgment, DeBose filed in state and federal court seven successive actions against USF, members of the USF Board of Trustees, USF's lawyers, and Ellucian. A brief description of each episode in this saga of redundancy follows.

On June 22, 2015, DeBose petitioned in the Thirteenth Judicial Circuit for a writ mandating that USF produce documents for use in the Title VII action. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.). After an evidentiary hearing, Circuit Judge Rice denied the (twice amended) petition.

On February 21, 2017, DeBose sued USF and USF's lawyers for, among other things, destroying documents allegedly critical to her Title VII action. *Angela DeBose v. Univ. of South Florida, et al.*, 17-CA-1652, (Fla. 13th Cir. Ct.). (Doc. 50-1 at 147–172) Circuit Judge Rice dismissed the action and held (1) that the litigation privilege bars the claims against USF's lawyers, (2) that Florida law recognizes no cause of action for spoliation, (3) that collateral estoppel bars the spoliation contention because DeBose litigated and lost her sanctions motion in the Title VII action, and (4) that *res judicata* bars DeBose's breach of contract and other claims as an attempt to re-litigate her claims against USF. (Doc. 50-1 at 174–175) Later, DeBose moved to amend the complaint and to strike USF's affirmative defenses. Circuit Judge Holder (the successor after re-assignment) denied the motion and observed that, among other things,

- 4 -

the proposed amended complaint "suffers the exact same fatal leg[a]l flaws as those within the Complaint and the Amended Complaint, now dismissed with prejudice." (Doc. 50-1 at 177–178)

On January 29, 2018, DeBose sued Ellucian in the Thirteenth Judicial Circuit and principally claimed that Ellucian defamed DeBose by remarking to USF that DeBose was uncollaborative and resistant to change. *DeBose v. Ellucian, L.P., et al.*, Case No. 18-CA-893 (Fla. 13th Cir. Ct.). The defendants removed, *DeBose v. Ellucian, LP et al.*, 8:19-cv-200-JSM-AEP (M.D. Fla.), and Judge Moody dismissed the action as barred by *res judicata* because the defamation and other claims arose from the same transaction and occurrence as the claims in the Title VII action for which Ellucian received judgment. DeBose appealed, and the Eleventh Circuit affirmed. *DeBose v. Ellucian Co.*, L.P., 802 Fed. Appx. 429 (11th Cir. 2019).

On April 29, 2019, DeBose again sued USF and USF's lawyers in the Thirteenth Judicial Circuit. This time, DeBose attempted to re-cast the spoliation allegation as constituting "fraud," triggering RICO liability, intentionally inflicting emotional distress, and violating the right to equal protection and due process. (Doc. 50-1 at 181) *DeBose v. Univ. of S. Fla. Bd. of Trs.*, No. 19-CA-4473 (Fla. 13th Cir. Ct.). Circuit Judge Holder dismissed the action and observed: "Having spent many hours reviewing the various pleadings and papers within [DeBose's earlier actions], the Court concludes that" the judgments in DeBose's earlier actions "absolutely preclude this attempt to re-litigate these matters which have received both justice and finality in various courts of competent jurisdiction." (Doc. 50-1 at 225–226)

- 5 -

Exhibit A 5 of 23

On May 10, 2019, DeBose again sued USF and USF's counsel in the Middle District of Florida and this time attempted to re-cast the spoliation claim as either voiding or warranting relief from the judgment in the Title VII action. *DeBose v. Univ. of S. Fla. Bd. of Trs.*, 8:19-cv-01132-JSM-AEP (M.D. Fla.). In a May 16, 2019 order, Judge Moody construed DeBose's complaint as requesting relief from judgment under Rule 60(b), Federal Rules of Civil Procedure, and dismissed the action without prejudice to moving in the Title VII action for relief under Rule 60(b). DeBose moved three times to vacate Judge Moody's dismissal, each of which an order denied. More than a year after the dismissal, DeBose moved to "clarify" the dismissal and to "certify" the dismissal order as appealable. An order denied the motion.[4]

On July 25, 2022, after DeBose began this action, Circuit Judge Melissa M. Polo (the latest successor in the 2015 mandamus action) describes in detail DeBose's history of repetitive, wasteful, frivolous, and vexatious conduct in the Thirteenth Judicial Circuit and enjoins Angela DeBose "from filing further documents with this Court or with the Clerk unless the document is signed by a member in good standing of The Florida Bar." *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct. July 25, 2022) (Doc. 433). A copy Circuit Judge Polo's order is appended to this order.

---

[4] In other, ancillary actions against USF, the members of USF's Board of Trustees, and USF's counsel, DeBose demands the production of records and moves for preliminary equitable relief.

- 6 -

Exhibit A 6 of 23

## DISCUSSION

Dissatisfied with the final judgment in USF's favor and the dismissal of her successive actions, DeBose in her second amended complaint (Doc. 27) sues the United States and Judge James S. Moody, Judge Elizabeth A. Kovachevich, Judge Virginia M. Covington, Judge Charlene E. Honeywell, and Magistrate Judge Anthony E. Porcelli; the Thirteenth Judicial Circuit and Judge Ronald Ficarrotta, Judge Elizabeth G. Rice, Judge Gregory P. Holder, and Judge James M. Barton; the USF Board of Trustees and trustees Ralph Wilcox, Paul Dosal, Gerard Solis, and Lois Palmer; and Greenberg Traurig, P.A., and Richard McCrea.  This order resolves in turn DeBose's claims against each category of defendant.

I.    The judicial defendants

Putatively under the Federal Tort Claims Act, DeBose claims that the United States through Judge James S. Moody, Judge Elizabeth A. Kovachevich, Judge Virginia M. Covington, Judge Charlene E. Honeywell, and Magistrate Judge Anthony E. Porcelli "intentionally sought to cause injury to [DeBose] by engaging in acts of misconduct in office" and conspired "to facilitate [USF's] pattern or practice of institutional discrimination and systemic racism against black people." (Doc. 27 at ¶ 10) Although no count asserts a claim against a federal judge, the amended complaint identifies each judge as a defendant. (Doc. 27 at ¶¶ 13–17) Apparently, DeBose purports to recover from the United States the damages allegedly caused by the federal judges who ruled against DeBose.

- 7 -

Against Judge Moody, DeBose alleges — without any corroborating allega-
tion of fact — that the promptness of the dismissal of DeBose's successive action to
vacate the judgment in the Title VII action reveals an *ex parte* conspiracy among
Judge Moody, Judge Porcelli, USF, and USF's counsel to "discuss[] and decide[]"
the disposition of DeBose's complaint. Also, against Judge Moody, DeBose alleges
— without any corroborating allegation of fact — that the dismissal of DeBose's suc-
cessive defamation action against Ellucian and the denial of DeBose's motion to re-
mand reveals a conspiracy among Judge Moody, Judge Porcelli, USF's lawyers, and
the state court judges to "block" DeBose from demonstrating another alleged con-
spiracy, specifically that Ellucian issued a negative report about DeBose solely to fur-
nish USF with a pretext to fire DeBose. (Doc. 27 ¶ 46) Rather, Judge Moody's dis-
missal reveals the obvious: *res judicata* bars in a successive action a defamation claim
arising from the same transaction and occurrence as the unsuccessful discrimination
and retaliation claims.

Against Judge Kovachevich and against Judge Covington, assigned to the Ti-
tle VII action after Judge Kovachevich's retirement, DeBose maintains — frivolously
— that these judges refused to perform the "ministerial" duty to sanction USF for de-
stroying documents allegedly critical to DeBose's Title VII claims. Also, because the
Eleventh Circuit dismissed for lack of jurisdiction DeBose's interlocutory appeal of
one of the orders denying DeBose's motions for sanctions, DeBose accuses the

Exhibit A 8 of 23

presiding judges of using "backdoor channels to influence the Eleventh Circuit to stop the appeal[s]."[5] (Doc. 27 ¶ 61)

Purportedly under Section 1983, DeBose claims — frivolously — that the Thirteenth Judicial Circuit and the judges presiding over her state-court actions failed to perform a "ministerial" duty and "exceeded jurisdiction" (1) by dismissing DeBose's actions as barred by *res judicata* and collateral estoppel, (2) by allegedly convening a "judicial conspiracy or racket" to assign judges favorable to USF, (3) by permitting parties to exercise their statutory right to removal, (4) by allegedly threatening DeBose with sanctions for vexatiousness, and (5) by allegedly failing to comply with the Florida Rules of Civil Procedure.

A judge is afforded absolute immunity for any "judicial act." *Stump v. Sparkman*, 435 U.S. 349 (1978). Although DeBose frivolously designates adverse decisions as the failure to discharge a "ministerial" duty, as "exceeding" each judge's "jurisdiction," or as void as a matter of law, a careful review of the record confirms that each act about which DeBose complains is quintessentially a judicial act for which each judge, state and federal, is immune from suit.[6]

---

[5] Also, against Judge Honeywell, DeBose complains about an order in a miscellaneous action, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 9:15-mc-18 (M.D. Fla.), denying DeBose's motion to re-open an action that DeBose had voluntarily dismissed four years earlier.

[6] Also, DeBose quibbles about case administration, case assignments, procedural matters, and rulings on motions to recuse, none of which, even if erroneously decided, conceivably deprives the presiding judge of judicial immunity or voids the judge's decision. Further, as Circuit Judge Polo aptly explains in footnote seven of her July 25, 2022 order (Ex. A), "[a]ll judges of a circuit court are authorized to exercise a circuit court's jurisdiction" even in a case to which the judge is not assigned.

- 9 -

The remedy for judicial error (and a review of the actions about which DeBose complains reveals not error but the just, speedy, inexpensive, and commendable management of an exasperating litigant) lies not in a suit against the presiding judge but in an appeal or in a motion for relief from judgment. Of course, DeBose, a lawyer, knows this: DeBose appealed the judgment in the Title VII action and lost, moved from relief from judgment and lost, and appealed again and lost. Nonetheless, DeBose endeavors frivolously to re-litigate the adverse judgment under the guise of a suit against each judge who received the random assignment of DeBose's successive actions. Each judge is entitled to absolute judicial immunity. And although DeBose nominally sues under the Federal Tort Claims Act, the absolute judicial immunity of federal judges defeats the claims against the United States. Similarly, absolute judicial immunity and sovereign immunity defeat DeBose's claims against the Thirteenth Judicial Circuit, an arm of the state. *Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against state courts."); *Driessen v. 11th Judicial Circuit Court*, 522 Fed. Appx. 797 (11th Cir. 2013).

2.    USF and the trustees

Against USF and several members of the USF Board of Trustees, DeBose complains about the alleged destruction of her employment records, the alleged "interference" with her employment contract, the alleged abuse of the "legal process," the alleged fraud and fraudulent concealment of records, and the alleged "intentional infliction of emotional distress." Each of these claims arises from the same transaction and occurrence: DeBose's termination and USF's destruction of allegedly

- 10 -

critical documents during the litigation. DeBose has already litigated to finality these contentions arising from the same transaction and occurrence. *DeBose v. USF Bd. of Trs.*, et al Case No. 8:15-cv-02787-VMC-AEP; *DeBose v. USF Bd. of Trs.*, et al Case No. 8:19-cv-01132-JSM-AEP; *DeBose v. USFBOT*, Case No. 17-CA-1652; and *DeBose v. USF Bd. of Trs.*, et al Case No. 19-CA-4473. Like Judge Holder, I "[h]av[e] spent many hours reviewing the various pleadings and papers within [the related actions]" and likewise conclude "that the grounds set forth within the Defendants' Motions are well taken and absolutely preclude this attempt to re-litigate these matters which have received both justice and finality in various courts of competent jurisdiction." (Doc. 50-1 at 225–226) DeBose presents no claim against USF or the members of the Board of Trustees not barred by *res judicata* or collateral estoppel. DeBose maintains, but presents no plausible allegation showing, that the earlier judgments are void or otherwise not entitled to preclusive effect. For these reasons and for others capably explained in the motion (Doc. 50) to dismiss, the claims against USF and the members of the Board of Trustees warrant dismissal.

3.   USF's lawyers

Against USF's law firm and lawyers, DeBose claims that the adverse judgments in federal and state court resulted from the fraudulent concealment of evidence, the destruction of documents, and a conspiracy between the lawyers and federal and state judges. DeBose has asserted these claims against USF's lawyers in state court and each action was dismissed with prejudice. Also, DeBose's claims are barred by Florida's litigation privilege, which affords "absolute immunity for acts

- 11 -

Exhibit A 11 of 23

occurring during the course of judicial proceedings." *Kodsi v. Branch Banking and Tr. Co.*, 15-CV-81053, 2018 WL 830117, at *3 (S.D. Fla. Feb. 12, 2018). The remedy for alleged lawyer misconduct (a study of the record reveals no misconduct by USF's lawyers) is a motion for sanctions. Of course, DeBose knows this: she moved for sanctions in the Title VII action and lost and appealed and lost. Nonetheless, DeBose frivolously attempts to re-litigate claims already dismissed as barred by *res judicata*, collateral estoppel, and the litigation privilege. DeBose maintains — but presents no plausible allegation showing — that these earlier judgments are void or otherwise not entitled to preclusive effect. For these reasons and others capably explained in the motion (Doc. 30) to dismiss, the claims against USF's lawyers warrant dismissal.[7]

## CONCLUSION

Perhaps DeBose is convinced that USF discriminated and retaliated against her. Perhaps DeBose is convinced that the district judge erred by entering judgment as a matter of law against her. Perhaps DeBose is convinced that the Eleventh

---

[7] Although barred by absolute judicial immunity, the litigation privilege, *res judicata*, and collateral estoppel, DeBose also fails to state a claim. The conversion claim, a misguided attempt to recast as the conversion of property the denial of her *pro se* motion for an attorney's fee and costs, among other things, is facially frivolous. The civil theft claims are similar. A claim for "assault" and "battery" cannot conceivably result from the mere proximity of law enforcement during state court proceedings. The fraud, misrepresentation, and concealment claims rely on no plausible allegation of fact (and satisfy no component of the particularity requirement under Rule 9(b)). The RICO claim identifies no enterprise, no racketeering activity, and no plausible predicate act. The negligent supervision claim is purely conclusory. The claim for intentional infliction of emotional distress identifies no "outrageous conduct" and describes acrimonious but ordinary litigation and an ordinary employment dispute. The civil conspiracy claim depends on conclusory allegations and includes no facts suggesting the remotest degree of plausibility. The 1983 claim, a misguided attempt to re-litigate as violative of "equal protection" matters decided by the state court, similarly fails.

- 12 -

Exhibit A 12 of 23

Circuit erred by affirming the judgment against her.[8] But DeBose received a fair process: a civil action and trial conducted in conformity with the Federal Rules of Civil Procedure, federal statutes, and the United States Constitution. DeBose received a result: judgment as a matter of law in USF's favor. DeBose received a fair opportunity to correct a (perceived) error in the result: an appeal to the Eleventh Circuit and a petition for a writ of certiorari. The Eleventh Circuit affirmed the result and the Supreme Court declined further review of the result. This result binds DeBose.

After losing the Title VII action, DeBose has persisted in suing USF, the members of the Board of Trustees, USF's lawyers, and Ellucian. DeBose lost each action on the merits, sued again, and lost each successive action as barred by *res judicata* and collateral estoppel, among other things. Rather than acknowledge the finality of those judgments, DeBose has chosen resistance and disruption in the form of further actions that feature increasingly bizarre, uncorroborated, and fantastical allegations of conspiracy (such as the allegation that the federal judges of this district belong to "secret societies" including the "Elizabethan Order."). (Doc. 27 ¶ 106)

DeBose's complaint — a burst of invective against the district court and state court judges, her litigation adversaries, and anyone else unfortunate enough to be ensnared by DeBose's misguided quest for re-instatement of the jury's verdict — demonstrates that DeBose, a lawyer admitted to the bar of the state of Wisconsin,

---

[8] Although I have no occasion in this posture to adjudicate the correctness of the judgments of the district court and the circuit court, I detect no error by either in my review of those actions or any other action by DeBose.

- 13 -

either fails to comprehend the fundamentals of litigation or, regardless of the fundamentals of litigation, chooses for whatever reason to wantonly vex her adversaries. Nothing in DeBose's conduct in her seven years of litigation against USF suggests that DeBose will accept the judgment in this action (or any other action) and refrain from contriving another litigation mechanism method to harass USF and other perceived adversaries.

"Three or four lawsuits over one employment relationship is enough." *Riccard v. Prudential Ins. Co.*, <u>307 F.3d 1277, 1295</u> (11th Cir. 2002) (affirming a limiting injunction against a vexatious former employee). DeBose has filed nine. DeBose (1) demonstrates a history of filing duplicative and vexatious actions, (2) harbors no objectively good faith basis to prevail in these duplicative actions, and (3) has subjected USF, USF's lawyers, Ellucian LP, the Thirteenth Judicial Circuit, this court, and the much-distressed taxpayers, to needless expense. *See*, *Ray v. Loweder*, 5:02-cv-316-OC-10GRJ, <u>2003 WL 22384806</u>, at *2 (M.D. Fla. Aug. 29, 2003) (Hodges, J.) (articulating factors). DeBose cannot perpetually file redundant, frivolous, and successive actions burdening her adversaries with legal expenses without cost or consequence to herself. In accord with the inherent authority of a federal court to prohibit conduct impairing "the ability to carry out Article III functions," *Procup v. Strickland*, <u>792 F. 2d 1073</u> (11th Cir. 1986) (citing *In re Martin-Trigona*, <u>737 F.2d 1254, 1261</u>–62) (2d Cir. 1984)), the motion (<u>Doc. 30</u>) for a limiting injunction against DeBose is **GRANTED** as follows.

Exhibit A 14 of 23

Angela DeBose is **ENJOINED** from filing *pro se* in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with USF, (2) about Ellucian, LP, (3) about any firm's or lawyer's representation of USF or Ellucian, LP, or (4) about DeBose's litigation against USF, the members of the Board of Trustees, USF's lawyers and Ellucian, LP.[9] DeBose must not file such a paper without the signature of a lawyer admitted to The Florida Bar and the bar of the Middle District of Florida. Nothing in this order prevents DeBose from filing an appeal in this action (or in any other action).

DeBose's motion (<u>Doc. 77</u>) to transfer is **DENIED** because DeBose presents no basis for venue in the District of Columbia other than the frivolous inclusion of the United States as a defendant. DeBose's motion (<u>Doc. 53</u>) to supplement the amended complaint is **DENIED** for futility. The motions (Docs. 30, 50, 64) to dismiss are **GRANTED**, and the action is **DISMISSED WITH PREJUDICE** as barred by *res judicata*, by collateral estoppel, by judicial immunity, by litigation immunity, and by sovereign immunity. Also, the complaint fails to state a claim for the reasons

---

[9] (1) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-mc-18 (M.D. Fla.); (2) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.); (3) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.); (4) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 17- CA-1652 (Fla. 13th Cir. Ct.); (5) *DeBose v. Ellucian, LP*, No. 17-CA-2114 (Fla. 13th Cir. Ct.); (6) *DeBose v. Ellucian, LP*, No. 18-CA-893 (Fla. 13th Cir. Ct.); (7) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:19-cv-1132 (M.D. Fla.); (8) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 19-CA-4473 (Fla. 13th Cir. Ct.); and (9) this action.

Exhibit A 15 of 23

explained in footnote seven and as explained by the defendants in the motions to dismiss.

DeBose's other motions — the motion (Doc. 42) to reconsider the stay of discovery, the motion (Doc. 43) to decline the "judicial notice" of DeBose's other actions, the motions (Doc. 57, 68) for default judgment against the United States, and the motion (Doc. 69) to strike the United States' motion to dismiss for lack of jurisdiction — are **DENIED**.  The clerk must (1) enter judgment of dismissal with prejudice, (2) terminate any remaining motion, (3) close the case, (4) file a copy of this order in 8:15-mc-18, 8:15-cv-2787, 8:19-cv-1132, and (5) mail a copy of this order to the Supreme Court of Wisconsin, Office of Lawyer Regulation 110 East Main Street, Suite 315 P.O. Box 1648 Madison, WI 53701-1648, for any action that the office finds appropriate.

ORDERED in Tampa, Florida, on September 12, 2022.

_____
**STEVEN D. MERRYDAY**
UNITED STATES DISTRICT JUDGE

- 16 -

Exhibit A 16 of 23

# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
### CIRCUIT CIVIL DIVISION

ANGELA DEBOSE,
    Petitioner/Plaintiff,

v.

                                CASE NOS.: 15-CA-5663
                                          17-CA-1652
                                        19-CA-4473

UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,         DIVISION: C
GREENBERG TRAURIG, P.A., et al.,
    Respondents/Defendants.

_____/

## INJUNCTIVE SANCTION ORDER
### AND
### DIRECTIONS TO THE CLERK

      **THIS MATTER** is before the Court on its May 19, 2022 Order to Show Cause (Doc. 417)[1], which directed Petitioner/Plaintiff, ANGELA DEBOSE, (hereinafter "DeBose") to show cause why she should not be found to have engaged in frivolous litigation, or found to be subject to sanctions under Section 57.105, Florida Statutes, or found to be subject to sanctions under the Court's inherent authority to limit DeBose's *pro se* access to the courts. On June 5, 2022, DeBose filed her *Response to Order to Show Cause* (Doc. 427). Having considered DeBose's Response and the court files, the Court finds that DeBose has and continues to engage in frivolous litigation, and that sanctions are warranted under the Court's inherent authority.

### FINDINGS OF FACT

Case Number 15-CA-5663

      On January 17, 2020, this Court entered a final, dispositive order denying DeBose's *Second Amended Petition for Writ of Mandamus*, and directed the Clerk to close the case file (Doc. 264). DeBose filed an appeal of this order on February 16, 2020 (Doc. 268). The appeal was docketed as case number 2D20-0594 in the Second District Court of Appeal (Doc. 272). While the appeal was pending, DeBose filed on May 18, 2020 a motion for relief from [the January 17, 2020] judgment (Doc. 301). The motion was denied with prejudice June 4, 2020 (Doc. 309). The same day, June 4, 2020, DeBose filed a motion to vacate (Doc. 310) the order denying her motion to vacate (Doc. 309). This motion to vacate (Doc. 310) was denied June 5, 2020 (Doc. 311). As evinced by an order of the District Court of Appeal (Doc. 312), DeBose unsuccessfully attempted to appeal, under the auspices of appellate case number 2D20-0594, the June 4, 2020 order denying motion to vacate. On June 20, 2020, DeBose filed a *second* motion for relief from judgment (Doc. 320).[2] On April 23, 2021, she

---

[1] This Doc. number is from the file for case number 15-CA-5663.

[2] Although Rule 1.540 motions are considered collateral, the circuit court lacked authority to entertain a motion for relief from judgment when the judgment from which DeBose sought relief was under review in the District

Exhibit A 17 of 23

sought a "time sensitive" hearing on the motion (Doc. 356). Then, on May 2, 2021, DeBose filed a self-styled motion (*Motion to Set Aside Protective Order, Recuse Presiding Judge Hinson Due to Resignation or Disability, Recuse Judge James Barton for Reasons Stated Herein, Vacate/Void All Prior Orders and Judgments, and Grant a New Trial*) seeking omnibus relief (Doc. 361). That motion (Doc. 361) was denied on May 7, 2021 (Doc. 362).[3] That same day, the presiding judge also issued an *Order to Show Cause* directing DeBose to show cause why she should not be barred from filing future *pro se* motions or pleadings based on her filing of spurious motions and appellate proceedings in cases 15-CA-5663, 17-CA-2114, and 19-CA-11407 that have delayed the administration of justice (Doc. 363).

On May 10, 2021, the District Court issued its mandate affirming the January 17, 2020 final judgment (Doc. 368). DeBose then attempted to seek review in the Florida Supreme Court (SC21-701); the Supreme Court dismissed it May 13, 2021 (Doc. 373). DeBose filed another motion to vacate or modify on June 1, 2021 (Doc. 372), reiterating the same issues she previously argued and that were previously denied. The court file reflects that DeBose simultaneously attempted to seek relief from the Chief Judge of the Circuit (Doc. 389).[4]

On July 17, 2021, DeBose filed a motion seeking sanctions against Respondent (Doc. 392). On July 29, 2021, Respondent filed a response to DeBose's motion for sanctions and filed a counter-motion for sanctions (Doc. 400). On October 20, 2021, this Court entered a comprehensive order granting Respondent's motion for sanctions and denying, *with prejudice*, DeBose's motion for modification or vacation of orders (Doc. 408). All pending or arguably pending motions filed by DeBose were disposed of by the October 20, 2021 Order and it advised DeBose that no further judicial labor would be provided in the case.

Thereafter, on April 20, 2022, DeBose filed a motion to vacate all orders for lack of jurisdiction and "new claim for independent action" (Doc. 410). On April 25, 2022, the motion was stricken and the clerk was again ordered to close the case file (Doc. 413). Moreover, the Order advised DeBose that should she violate this Court's directive by filing additional paper in this case, the Court would issue a show cause order or impose sanctions. A mere five days later, DeBose filed a motion to reopen the case (Doc. 414). The subject *Order to Show Cause* was issued on May 19, 2022 (Doc. 417).

---

Court of Appeal and where DeBose did not ask the appellate court to relinquish jurisdiction. *Glatstein v. Miami*, 391 So. 2d 297 (Fla. 3d DCA 1980).

[3] The order denies all pending motions to vacate not previously ruled upon including the one entitled "*Second Motion to Vacate*." (Doc. 362, ¶ 4).

[4] The court file reflects a June 24, 2021 letter from Assistant General Counsel Christopher Nauman which acknowledges receipt by Chief Judge Ronald Ficarrotta of a document entitled "Supplemental Brief and New Evidence to Support Motion for Modification and Vacation of Orders; Motion to Assign a New Judge; And Motion for New Trial." The letter advises that, as previously explained to DeBose in a May 18, 2021 letter, the chief judge does not possess investigative powers and cannot provide relief in an individual case; that such relief must be requested through a motion filed in the case. The letter further advised DeBose that cases assigned to Circuit Civil Divisions are not assigned to any one specific judge.

Exhibit A 18 of 23

## Case Numbers 17-CA-1652 and 19-CA-4473[5]

In case 17-CA-1652, on July 13, 2020, the Court entered an order denying with prejudice DeBose's *Motion to Strike Affirmative Defenses and for Other Relief and Denying Plaintiff's Motion to File Second Amended Complaint with Prejudice* (Doc. 114). A final judgment against DeBose was entered on July 22, 2020 (Doc. 120). DeBose sought appellate review in case number 2D20-2455 (Doc. 128). While the appeal was pending, DeBose filed her first of many post-judgment motions, a motion for relief from the July 22, 2020 judgment, on August 22, 2020 (Doc. 133). On June 1, 2021, she filed a *Motion for Modification or Vacation of Orders* (Doc. 149). A *Supplemental Brief and New Evidence to Support Motion for Modification and Vacation of Orders; Motion to Assign a New Judge; and Motion for New Trial* was filed June 19, 2021 (Doc. 153). On May 21, 2021, the appellate court affirmed, with the Mandate issuing August 6, 2021 (Doc. 157).

After that, DeBose filed on September 12, 2021 a *Motion to Set Hearing Date on Plaintiff's Motion for Modification or Vacation of Orders and Motion for New Trial* (Doc. 158) and then on December 2, 2021, a *Motion to Set Case for Jury Trial* (Doc. 162). She continued to seek discovery from Defendants, filing a *Fourth Request for Production of Documents* (Doc. 164) on January 1, 2022, a *Second Motion to Compel the Production of Documents From Defendant University of South Florida Board of Trustees* (Doc. 169) filed February 1, 2022, and a *Request for Production of Documents from Defendant Greenberg Traurig, P.A.* (Doc. 170) filed February 6, 2022. Again, DeBose sought relief outside the case as reflected by the December 12, 2021 letter from her addressed to Judge Rex Barbas (Doc. 166).

In case 19-CA-4473, on July 13, 2020, the Court entered its *Order Granting Defendants' Motions to Dismiss Amended Complaint with Prejudice* (Doc. 121). A final judgment against Plaintiff was entered on July 21, 2020 (Doc. 127). Before the Court even entered the final judgment, DeBose filed a motion to vacate (Doc. 122). DeBose sought appellate review in case number 2D20-2532 (Doc. 137). On May 21, 2021, the appellate court affirmed, with the Mandate issuing August 6, 2021 (Doc. 158). Before the Mandate issued (but after the appellate court per curiam affirmed the order on appeal), DeBose filed a *Motion for Modification or Vacation of Orders* on May 31, 2021 (Doc. 149). On June 19, 2021, she then filed a *Supplemental Brief and New Evidence to Support Motion for Modification and Vacation of Orders; Motion to Assign a New Judge; and Motion for New Trial* (Doc. 154). After the Mandate issued, DeBose filed a *Motion to Set Hearing Date on Plaintiff's Motion for Modification or Vacation of Orders and Motion for New Trial* on September 12, 2021 (Doc. 159) and a *Motion to Set Case for Jury Trial* on December 2, 2021 (Doc. 163).

In both cases 17-CA-1652 and 19-CA-4473, on April 1, 2022, the Court issued an *Order Denying All Pending Post-Judgment Motions and Directing Clerk of Court to Close Case File* (Doc. 177; Doc. 169).[6] In that Order, the Court explained that all of DeBose's claims in these two cases were dismissed with prejudice and the Second District Court of Appeal had affirmed those dismissals. The Court found that DeBose's numerous post-judgment motions sought successive review and/or

---

[5] The relevant procedural history for cases 17-CA-1652 and 19-CA-4473 is presented together because of its overlap.

[6] Where two Doc. numbers are provided, the first is from the 17-CA-1652 case and the second is from the 19-CA-4473 case.

Exhibit A 19 of 23

failed to state facially sufficient bases for relief.[7] The Court denied all pending motions and directed DeBose not to file any further papers in these cases. Ten days later, DeBose filed another successive motion to vacate (Doc. 178; Doc. 170). On April 20, 2022, the Court denied that motion, directed the Clerk to close the two case files, and again directed DeBose to file no further papers in these two cases (Doc. 179). The Court further warned DeBose that if she again violated the Court's directive, the Court would issue an order to show cause.

DeBose then filed multiple different papers in her cases. A motion to disqualify the undersigned was filed on May 1, 2022, but only in case number 17-CA-1652 (Doc. 183).[8] That motion was denied on May 19, 2022 (Doc. 190). In the 19-CA-4473 case, on May 1, 2022, DeBose filed a *Motion for an Emergency Temporary Injunction or Temporary Injunction and Motion to Transfer the Case* (Doc. 173). Shortly after filing her motion to disqualify, on May 6, 2022, in case 17-CA-1652, DeBose also filed a motion to reopen and transfer the case (Doc. 185). Because DeBose filed new papers in violation of the Court's prior directives, the Court issued the May 19, 2022 Order to Show Cause in all three cases. Subsequent to the Court issuing its Order to Show Cause, DeBose filed a *Notice of Interlocutory Appeal* (Doc. 187; Doc. 176) on May 21, 2022 in the Second District Court of Appeal, which was docketed as case number 2D22-1666. On May 28, 2022, DeBose filed in this Court a *Motion for a Stay Pending Appeal* (Doc. 200; Doc. 184), which was denied on June 14, 2022 (Doc. 202; Doc. 186).

On June 5, 2022, DeBose filed her *Response to Order to Show Cause*. On June 22, 2022, the Second District Court of Appeal granted Appellee, University of South Florida's motion to dismiss and dismissed the appeal as from a nonfinal, nonappealable order (Doc. 204; Doc. 187).[9] That same day, DeBose filed in this Court, but only in case 17-CA-1652, a *Motion for Leave to File Third Amended Complaint* (Doc. 203). Thereafter, the appellate court in case 2D22-1666 then denied DeBose's motion for sanctions on July 1, 2022 (Doc. 205; Doc. 188), as well as denied her motion for reconsideration on July 15, 2022 (Doc. 206; Doc. 189). In appellate case number 2D20-2532 (the

---

[7] Among her many post-judgment motions, the premier argument DeBose advanced was that multiple judges presided over her pending cases which she claimed resulted in a lack of due process. Owing to unfortunate circumstances, multiple authorized and qualified judges presided over DeBose's cases. DeBose argued that those judges lacked *jurisdiction* to enter orders in her cases during the period of incapacity of the judge assigned to the division. DeBose is mistaken. All judges of a circuit court are authorized to exercise a circuit court's jurisdiction. *See In re: Guardianship of Bentley*, 342 So.2d 1045, 1046 (Fla. 4th DCA 1977). But "for efficiency in administration, the Circuit Court is frequently divided into divisions, with each division handling certain types of cases." *Id.* at 1046–47; s*ee also Allen v. Bridge*, 427 So. 2d 249, 250 (Fla. 4th DCA 1983). Put another way, it is the *court,* not the particular judges of the court, which has jurisdiction over a case. *Allen,* 427 So. 2d at 250. Litigants have no right to have, or not have, any particular judge of a court hear their cause. *Id.* There is no due process right to be heard before any assignment or reassignment of a case to a particular judge. *Id.* at 251. The assignment of and coverage by judges of divisions other than their own is a matter of internal court policy and judicial administration. A litigant does not have standing to enforce internal court policy. *Id.* at 251. This was explained to DeBose both orally at hearings and in writing.

[8] For reasons unknown, DeBose filed the actual motion to disqualify only in case 17-CA-1652. Yet, in cases 15-CA-5663 and 19-CA-4473, she filed a *Notice to the Clerk of Plaintiff Filing Motion to Recuse Presiding Judge*, not the actual motion to disqualify (Doc. 416; Doc. 174).

[9] In that order, the Second District Court of Appeal also cautioned DeBose that further filing of frivolous appeals or petitions may result in the issuance of an order to show cause why DeBose should not be sanctioned.

Exhibit A 20 of 23

appeal from the final judgment in 19-CA-4473), on July 20, 2022, the Second District Court of Appeal also issued an order striking as unauthorized DeBose's motion for reconsideration (Doc. 190).

<h2 align="center">CONCLUSIONS OF LAW</h2>

"It is well-settled that courts have the inherent authority and duty to limit abuses of judicial process by pro se litigants." *Ardis v. Ardis,* 130 So. 3d 791, 792 (Fla. 1st DCA 2014) (quoting *Golden v. Buss,* 60 So. 3d 461, 462 (Fla. 1st DCA 2011)); *see also Sibley v. Fla. Judicial Qualifications Comm'n,* 973 So. 2d 425 (Fla. 2006). A litigant abuses the right to self-represented access to the court by filing repetitious and frivolous pleadings, thereby diminishing the courts' ability to devote their finite resources to the consideration of legitimate claims. *Ardis,* 130 So. 3d at 793, (citing *Rivera v. State,* 728 So. 2d 1165, 1165 (Fla. 1998); *Attwood v. Singletary,* 661 So. 2d 1216, 1216 (Fla. 1995)). Such abuse of process is evinced by a pattern of filing baseless pleadings. *Id.* When the court has identified a pattern of abuse of the judicial system, it has the inherent authority to sanction the abusive litigant in the interest of fair and just allocation of judicial resources and to protect the rights of others' access to timely review of legitimate controversies. *Sibley,* 973 So. 2d at 426; *Golden v. Buss,* 60 So. 3d 461, 462 (Fla. 1st DCA 2011).

The Court first finds that it has provided DeBose ample notice and an opportunity to respond. *See Bolton v. SE Prop. Holdings, LLC,* 127 So. 3d 746 (Fla. 1st DCA 2013). As the Thirteenth Judicial Circuit Court Administrative Order S-2017-038 aptly points out, "[c]ourts have the inherent authority to prohibit the deliberate and continual filing of frivolous actions that demonstrate an egregious abuse of the judicial process and ultimately interfere with the timely administration of justice." *See id.*; *see also Delgado v. Hearn,* 805 So. 2d 1017 (Fla. 2d DCA 2001); *see State v. Spencer,* 751 So. 2d 47 (Fla. 1999). Upon careful consideration, the Court finds that DeBose has egregiously abused the judicial process by filing voluminous and frivolous documents in these three cases, and by repeatedly attempting to improperly seek relief through administrative channels.

DeBose's pattern of filing, as outlined in detail herein, shows that she will continue to file a high volume of repetitious pleadings if not curtailed. DeBose has exhausted all available trial and appellate court proceedings on the substantive matters in these three cases. She has had her day in court and has been afforded the due process to which she is entitled. Subsequent to the entry of final judgments, DeBose has filed many motions and documents in an apparent effort to prolong the finality of these cases. DeBose's arguments seek successive review and/or fail to state facially sufficient bases for relief. She has been advised, multiple times, that her allegations lack merit and that they are not properly raised. She has been warned to stop filing papers in these closed cases. Yet, she persists. DeBose's filings have placed an unreasonable burden on this Court. Her filings and violation of court orders impede the fair and just allocation of judicial resources and impair the rights of other litigants to timely review of their legitimate filings. Additionally, DeBose strains other court resources by attempting to seek relief outside the confines of the cases. Her letters to the Chief Judge and Administrative Judge distract from their duties and caseloads. Although one explanation is understandable, DeBose was informed many times that judges have no authority over their fellow constitutional officers and that she must seek relief by motion filed in a case. The result of DeBose's prolific and meritless filings is an extreme waste of time and judicial resources at both the trial and appellate levels. This Court has now spent an unreasonable amount of time and effort on matters involving DeBose. Not only does this greatly prejudice the opposing parties who must expend countless hours and dollars to defend against her frivolous claims and repeated filings, it also unfairly distracts this Court's attention away from other cases and litigants who deserve their fair day in court.

DeBose's actions have placed an unfair burden on this Court that reduces the time that should be spent on meritorious motions and cases.

These matters have been fully adjudicated and these cases must be closed. Yet, evidenced by her continued filings, if not curtailed, it appears DeBose will not stop engaging in frivolous and abusive litigation. Pro se litigants are held to the same standards as a reasonable attorney. DeBose does not hold herself to those standards. In order for this Court to do so, which will allow these matters to finally end, the Court finds that sanctions must be imposed. The Court finds that prohibiting DeBose from appearing pro se, and requiring any future papers be signed by a licensed attorney is not an unreasonable restraint on her access to the courts. *See Platel v. Maguire, Voorhis & Wells, P.A.*, 436 So. 2d 303, 304 (Fla. 5th DCA 1983) (explaining that "when one person, by his activities, upsets the normal procedure of the court so as to interfere with the causes of other litigants, it is necessary to exercise restraint upon that person" and finding that requirement that pleadings be accompanied by an attorney's signature does not amount to a complete denial of access).

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. ANGELA DEBOSE is hereby **PROHIBITED** from appearing before this Court as a plaintiff, defendant, petitioner, respondent, appellant or appellee, unless represented by a member in good standing of The Florida Bar.

2. ANGELA DEBOSE is **ENJOINED** from filing further documents with this Court or with the Clerk unless the document is signed by a member in good standing of The Florida Bar.

3. In accordance with Administrative Order S-2017-038, the Clerk of Court may (A) place any submissions received by ANGELA DEBOSE after entry of this injunctive sanction order into an inactive file; and (B) accept from ANGELA DEBOSE, file, and submit to the appellate court a notice of appeal. *See also G.W. v. Rushing*, 22 So. 3d 819 (Fla. 2d DCA 2009).

4. This Order shall apply to all of ANGELA DEBOSE's cases in this Court's Division C, as well as to any new action subsequently filed by ANGELA DEBOSE, regardless of what division of the Circuit Civil Division that new case would be assigned.

5. The Clerk of Court is **DIRECTED** to place a copy of this Order in case numbers 17-CA-1652 and 19-CA-4473 and then to **CLOSE** these three case files.

**DONE AND ORDERED** and effective as of the date imprinted below with the Judge's signature.

15-CA-005663 7/25/2022 9:29:24 AM
**15-CA-005663 7/25/2022 9:29:24 AM**

**MELISSA M. POLO,**
**Circuit Court Judge**

Exhibit A 22 of 23

*Electronically conformed copies furnished via JAWS to all parties/counsel properly associated to the case or added in JAWS to receive event notifications as of the date of this order.*

Electronic Copy to:
Chief Judge Ronald Ficarrotta
Clerk of the Court
Circuit Civil Judges

7 of 7                    Exhibit A 23 of 23

07/25/2022 09:29:26 AM Electronically Filed: Hillsborough County/13th Judicial Circuit.          Page 7

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ANGELA DEBOSE,

       *Plaintiff*,

    v.

GREENBERG TRAURIG, LLP, *et al.*,

       *Defendants*.

Civil Action No. 24-938 (LLA)

## <u>MEMORANDUM OPINION</u>

Angela DeBose, proceeding pro se, brings this action against numerous Defendants: Florida Polytechnic University ("FPU") and its Board of Trustees;[1] the University of South Florida ("USF") Board of Trustees; and the law firm and employees of Greenberg Traurig, LLP.[2]  This appears to be the latest installment in a series of unsuccessful lawsuits stemming from the same underlying incident.  *See DeBose v. United States*, No. 21-CV-2127, 2022 WL 9886843 (M.D. Fla. Sept. 12, 2022).  The matter is presently before the court on Defendant FPU's Motion to Dismiss for Improper Venue, ECF No. 9, and Greenberg Traurig's Motion to Dismiss, ECF No. 13, and Motion to Transfer, ECF No. 14.  Defendant USF Board of Trustees joined these motions.  ECF No. 18.  For the reasons explained below, the court will grant both motions to dismiss, ECF Nos. 9 & 13.  The court will further deny Greenberg Traurig's Motion to Transfer,

---

[1] The complaint also names several individuals in their official capacity: Randy Avent, Terry Parker, Mike Dieckmann, and Penelope Farley.  ECF No. 6, at 1.  Ms. DeBose labels them as trustees of FPU, but FPU clarifies that they are "only officers of the university" rather than trustees.  ECF No. 9, at 1 n.1.

[2] The complaint names three employees of the law firm: Richard McCrea and Cayla Page, both attorneys; and Gigi Carcamo, a paralegal.  ECF No. 6, at 1; ECF No. 13, at 3.

ECF No. 14,[3] and Ms. DeBose's Motion to Sever, ECF No. 25, as moot in light of this dismissal, and it will deny Ms. DeBose's Motion for Leave to File a Second Amended Complaint, ECF No. 27, as futile.

## I.    Background

In considering the pending motion to dismiss, the court will assume that the facts alleged in Ms. DeBose's filings are true except "insofar as they contradict . . . matters subject to judicial notice." *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004).  Furthermore, because Ms. DeBose is proceeding pro se, the court will construe her pleadings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).  With those principles in mind, the facts are as follows.

Sometime before 2015, Ms. DeBose, a Black woman, worked at USF as a Registrar.  ECF No. 6 ¶¶ 22, 117; *DeBose v. USF Bd. of Trs.*, 811 Fed. App'x 547, 552 (11th Cir. 2020).  She was terminated and filed suit alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, on the basis of her race and sex.  ECF No. 6 ¶¶ 40-41, 121; *DeBose*, 811 Fed. App'x at 552.

Ms. DeBose then began working for FPU, starting in July 2015 and ending in August 2023. ECF No. 6 ¶¶ 19, 36.  She was initially hired as an independent contractor tasked with leading a specific project and eventually moved up to become a Department Head.  *Id.* ¶ 19, 36-38. Ms. DeBose states she was "mocked, threatened, demeaned, demoted, punished, falsely accused

---

[3] Greenberg Traurig requests transfer "to the extent the Court does not dismiss this action." ECF No. 14, at 1.  The court dismisses the entire action; accordingly, the request to transfer is moot.

of misconduct, ostracized, and humiliated" by FPU supervisors and colleagues because of her race, gender, and age. *Id.* ¶ 22. Coworkers harassed her by placing "a dead lizard . . . on the keyboard on her desk." *Id.* ¶ 27. Ms. DeBose complained about the negative treatment. *Id.* ¶ 28. After she notified FPU, it "refused to allow [her] to extend her retirement an additional three [] years," demoted her, interfered with her leave requests, barred her from attending critical work meetings, and gave her unfavorable performance ratings. *Id.* ¶¶ 28-31, 43, 45, 73. Sometime in the summer of 2022, Ms. DeBose "discovered" that USF representatives were communicating with FPU "allegedly to pressure [FPU] into terminating her employment, in retaliation for the [USF] litigation." *Id.* ¶¶ 41, 121. Ms. DeBose now brings the present suit against both former employers and the law firm that defended both USF and FPU at various points. *Id.* ¶¶ 1-7; ECF No. 13, at 1.

Ms. DeBose lives in Hillsborough County, Florida. ECF No. 6 ¶¶ 1, 8. USF and FPU are located in Hillsborough County, Florida, and Polk County, Florida, respectively. *Id.* ¶¶ 2-3, 9-10. Ms. DeBose does not specify where the individually named FPU Defendants reside. Greenberg Traurig is a national law firm with offices in many states, but the relevant individuals worked out of an office located in Hillsborough County, Florida. *Id.* ¶¶ 4-7, 11-12; ECF No. 13, at 5-6. The individually named employees all reside in Florida as well, specifically in Hillsborough County, Pinellas County, and Pasco County. ECF No. 6 ¶¶ 5-7; ECF No. 13, at 5-6 n.2. Each of these Florida counties is located within the bounds of the Middle District of Florida. M.D. Fla. Loc. Civ. R. 1.04 (listing Hillsborough, Pasco, Pinellas, and Polk counties as within the Tampa Division of the Middle District of Florida).[4] In her Amended Complaint, Ms. DeBose states that venue is proper in Polk County, Florida. ECF No. 6 ¶ 18.

---

[4] *Available at* https://perma.cc/7CJE-X3F4 (last visited July 30, 2024).

FPU moved to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. ECF No. 9.  Greenberg Traurig also moved to dismiss (or transfer) for improper venue and pointed to additional bases for dismissal under Rule 12, including lack of personal jurisdiction and failure to state a claim.  ECF Nos. 13 & 14.  Defendant USF Board of Trustees joined these motions.  ECF No. 18.  Ms. DeBose opposed each motion, ECF Nos. 19, 21, 26, 29, 30, and she filed two additional motions: one seeking to sever the USF Board of Trustees' adoption of the other defendants' motions and require that it respond separately to the amended complaint, ECF No. 25, and one seeking leave to file a second amended complaint, ECF No. 27.

## II.     Legal Standards

To prevail on a motion to dismiss under Rule 12(b)(3) for improper venue, "the defendant must present facts that will defeat the plaintiff's assertion of venue," *Lemon v. Kramer*, 270 F. Supp. 3d 125, 138 (D.D.C. 2017) (quoting *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129 (D.D.C. 2013)), by providing "sufficient specificity to put the plaintiff on notice of the defect," *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 405 (D.D.C. 2017) (quoting 14D Charles Alan Wright et al., *Federal Practice & Procedure* § 3826 (4th ed. 2013)).  Because it is "the plaintiff's obligation to institute the action in a permissible forum," *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011) (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)), "[the] plaintiff bears the burden of demonstrating that venue is proper," *Hill v. Napolitano*, 839 F. Supp. 2d 180, 182 (D.D.C. 2012).

In determining whether venue is proper, "the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276-77 (D.D.C. 2002).  However, the court "need not accept the

4

plaintiff's legal conclusions as true." *Id.* Where the plaintiff is pro se, as Ms. DeBose is here, the complaint must "be liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle*, 429 U.S. at 106). However, "even pro se litigants . . . must comply with the Federal Rules of Civil Procedure." *Prewitt v. McDonough*, 633 F. Supp. 3d 195 (D.D.C. 2022) (quoting *Medina v. California*, No. 22-CV-0341, 2022 WL 715180, at *1 (D.D.C. Mar. 9, 2022)). On a motion to dismiss, the court must consider a pro se plaintiff's complaint "in light of all filings." *Webb v. U.S. Veterans Initiative*, 993 F.3d 970, 972-73 (D.C. Cir. 2021) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)).

### III. Discussion

#### A. Venue

28 U.S.C. § 1391 governs venue in the federal courts. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Section 1391 provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred . . . ." *Atl. Marine Const. Co., Inc.*, 571 U.S. at 56. While Rule 12(b)(3) calls for dismissal in the event of improper venue, 28

5

U.S.C. § 1406(a) directs that a court may dismiss or transfer the case to an appropriate venue "if it be in the interest of justice." "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

After considering the parties submissions, including Ms. DeBose's complaint, opposition, and her various motions and attachments, the court agrees with Defendants that venue is improper in the District of Columbia. It will exercise its discretion and dismiss the case rather than transfer it.[5]

## 1.    Venue Is Improper

None of the three grounds for venue under Section 1391(b) is applicable here. The court begins with Section 1391(b)(1), which provides for venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Each Defendant is a resident of the state of Florida, more specifically, each "resides" within the bounds of the Middle District of Florida. ECF No. 6 ¶¶ 9-12; ECF No. 13, at 6 n.2. That would make venue proper in the Middle District of Florida. Ms. Debose argues that venue is proper in the District of Columbia because Greenberg Traurig maintains an office in the District of Columbia. ECF No. 19, at 2. This misconstrues the statute. Venue would be proper in this district only if *every other* Defendant also resided in the District of Columbia, which, as Ms. DeBose acknowledges, is not the case.

---

[5] The court notes that Ms. DeBose's opposition, ECF No. 21, analyzes factors relevant to a motion to transfer when venue is proper in the initial district. Such analysis is not relevant to the initial venue determination under Section 1391. However, in light of her pro se status, the court construes any of the potentially relevant arguments as directed to Section 1391 and so addresses them in this opinion.

Ms. DeBose fares no better under Section 1391(b)(2), which provides venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). None of the events described in the complaint occurred in the District of Columbia. *See generally* ECF No. 6. Ms. DeBose herself plainly states that "the unlawful employment-related practices described [in the complaint] occurred in both Polk and Hillsborough County, Florida" and that the effects of the acts were felt in those counties. *Id.* ¶ 18. In her opposition, Ms. DeBose suggests that the claims "also" arose in the District of Columbia with respect to Greenberg Traurig because "corporate decision making occurred" here. ECF No. 21, at 10. Such an assertion consists of a legal conclusion that the court need not accept as true. *Darby*, 231 F. Supp. 2d at 277. There is nothing tying Greenberg Traurig's office in the District of Columbia to the allegations in the complaint. Ms. DeBose additionally suggests that her lawsuit may be connected to this district because "Civil Rights cases have an inherently strong relationship to Washington, D.C." ECF No. 21, at 9. Such a tangential connection is not enough. *See McRae v. Lockett*, No. 20-CV-2878, 2021 WL 6062636, at *5 (D.D.C. Dec. 20, 2021) (finding the fact that policies "relevant to plaintiff's claims originated at [the government agency's] Washington, D.C. headquarters" insufficient to support venue in the District of Columbia). Accordingly, the court concludes that Section 1391(b)(2) does not provide for venue in the District of Columbia.

Finally, Section 1391(b)(3) is plainly inapplicable. That provision applies only "if there is no district in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3). That is not the case—as already acknowledged, this case would have proper venue in the Middle District of Florida. Accordingly, venue is improper in this district.

7

## 2. Dismissal Is Appropriate

As noted, when the original venue is determined to be improper, Rule 12(b)(3) provides for dismissal, while 28 U.S.C. § 1406(a) authorizes the court to either dismiss the case or transfer it to an appropriate venue "if it be in the interest of justice." Here, the court elects to dismiss rather than to transfer the case to the Middle District of Florida, because Ms. DeBose is subject to a vexatious litigant order barring her from bringing any lawsuit related to these events in that district. *DeBose*, 2022 WL 9886843, at *6. Specifically, she is "ENJOINED from filing *pro se* in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with USF, . . . about any firm's or lawyer's representation of USF . . . about DeBose's litigation against USF, the members of the Board of Trustees, [and] USF's lawyers." *Id.* The present case plainly falls within the scope of the barring order because it alleges conspiracy on the part of USF, FPU, and their law firm and lawyers to sabotage her employment. ECF No. 6, at 130. "It is well-settled that '[a] court may dismiss a complaint filed by a vexatious litigant [that violates] an injunctive order entered by another court." *Justice v. Koskinen*, 109 F. Supp. 3d 142, 147 (D.D.C. 2015) (alterations in original) (quoting *Dantzler v. U.S. EEOC*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011)). Because transfer would be futile, the court exercises its discretion to dismiss. *See Naartex Consulting Corp.*, 722 F.2d at 789.

## B. Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course," and thereafter "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The court should freely grant such leave "when justice so requires." *Id.* "[T]he grant or denial of leave to amend is committed to a district court's discretion." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). However, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory

8

motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Id.* (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). This is typically the case when the amendment "merely restates the same facts." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002).

Amendment would be futile here. Ms. DeBose's proposed Second Amended Complaint does not add any factual allegations that would alter the preceding analysis related to venue. *See generally* ECF No. 27-1. It does not, for example, include new factual allegations that connect the events to this district. Because the court's analysis above would apply to the Second Amended Complaint, the court will deny leave to amend as futile.

### IV.   Conclusion

For the foregoing reasons, the court will issue a contemporaneous order granting Defendants' Motions to Dismiss, ECF Nos. 9 & 13, denying as moot Greenberg Traurig's Motion to Transfer, ECF No. 14, and Ms. DeBose's Motion to Sever, ECF No. 25, and denying as futile Ms. DeBose's Motion for Leave to File a Second Amended Complaint, ECF No. 27.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: July 30, 2024



**ECF DOCUMENT**

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District and Bankruptcy Courts for the District of Columbia.

ANGELA D. CAESAR, CLERK

Nijel N Eugene

Digitally signed by Nijel N Eugene
Date: 2025.04.02
13:06:52 -04'00'

9

**IN THE CIRCUIT COURT FOR THE TENTH JUDICIAL**
**CIRCUIT IN AND FOR POLK COUNTY, FLORIDA**

ANGELA DEBOSE,

    Plaintiff,

                                        Case No.: 2024CA-003555

vs.

FLORIDA POLYTECHNIC UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.

_____

**ORDER GRANTING FLORIDA POLYTECHNIC UNIVERSITY'S MOTION**
**FOR ORDER DETERMINING PLAINTIFF'S STATUS AS A**
**VEXATIOUS LITIGANT AND FOR AN ORDER REQUIRING PLAINTIFF**
**TO FURNISH SECURITY PURSUANT TO SECTION 68.093,**
**_FLORIDA STATUTES_, AND MOTION TO STAY PROCEEDING**

THIS MATTER came before the Court for an evidentiary hearing on April 10, 2025, on Florida Polytechnic University's Motion for Order Determining Plaintiff's Status as a Vexatious Litigant and for an Order Requiring Plaintiff to Furnish Security Pursuant to Section 68.093, *Florida Statutes*, and Motion to Stay Proceeding Pending Ruling on This Motion. Nicholas T. Zbrzeznj, Esq., appeared as counsel for the Defendant, FLORIDA POLYTECHNIC UNIVERSITY BOARD OF TRUSTEES ("Florida Polytechnic University"). Plaintiff, ANGELA DEBOSE, failed to appear for the hearing. The Court, having received and reviewed the evidence and affidavits, having heard the arguments, reviewed the pleadings and the court file, and being otherwise advised in the premises, hereby makes the following findings of fact and conclusions of law:

1.    A Case Management Conference was held on January 23, 2025 and on January 30, 2025, this Court entered an Order Setting Evidentiary Hearing, in which an in-person evidentiary hearing was ordered to occur on April 10, 2025, beginning at 1:00

p.m., on Defendant's Motion for Order Determining Plaintiff's Status as a Vexatious Litigant and for an Order Requiring Plaintiff to Furnish Security Pursuant to Section 68.093, *Florida Statutes*, and Motion to Stay Proceedings Pending Ruling on this Motion, and Incorporated Memorandum of Law (filed on 11/13/2024).

2.     Despite the fact that an in person evidentiary hearing was ordered, Plaintiff, Angela DeBose, failed to appear for the April 10, 2025, hearing.  Additionally, the Court also logged into the Court's virtual hearing room during the course of the hearing, and Angela DeBose did not appear remotely.

3.     Pursuant to Section 68.093, *Florida Statutes*, a "vexatious litigant" is any person who "in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state, except an action governed by the Florida Small Claims Rules, which actions have been finally and adversely determined against such person or entity; or . . . [a]ny person or entity previously found to be a vexatious litigant pursuant to this section."  Fla. Stat. § 68.093(2)(d).

4.     The evidence presented demonstrates that Plaintiff, Angela DeBose, is a vexatious litigant, as she, in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state, which have been finally and adversely determined against her.  Specifically, Angela DeBose maintained, in the preceding 5-year period, the following five (5) cases in the Thirteenth Judicial Circuit, which have been finally and adversely determined against her:

     A.     *Debose v. University of South Florida, et al.*, Thirteenth Judicial Circuit, Hillsborough County, Florida, Case No.: 15-CA-5663;

B.      *Debose v. University of South Florida, et al.*, Thirteenth Judicial Circuit, Hillsborough County, Florida, Case No.: 17-CA-1652;

C.      *Debose v. Ellucian, L.P.*, Thirteenth Judicial Circuit, Hillsborough County, Florida, Case No.: 17-CA-2114;

D.      *Debose v. University of South Florida, et al.*, Thirteenth Judicial Circuit, Hillsborough County, Florida, Case No.: 19-CA-4473; and

E.      *Debose v. Rice*, Thirteenth Judicial Circuit, Hillsborough County, Florida, Case No.: 19-CA-11407.

5.      In addition to those five state court cases, Angela DeBose also maintained at least four (4) federal cases in the United States District Court for the Middle District of Florida in the preceding 5-year period, which have been finally and adversely determined against her.  Those four cases are:

A.      *DeBose v. Univ. of S. Fla. Bd. of Trustees,* Case No.: 8:15-mc-18 (M.D. Fla.);

B.      *DeBose v. Univ. of S. Fla. Bd. of Trustees,* Case No.: 8:15-cv-2787 (M.D. Fla.);

C.      *DeBose v. Univ. of S. Fla. Bd. of Trustees, et al.,* Case No.: 8:19-cv-1132 (M.D. Fla.); and

D.      *DeBose v. The United States, et al.,* Case No.: 8:21-cv-2127 (M.D. Fla.).

6.      Additionally, there have been at least fifty (50) actions and appeals filed by Angela DeBose throughout Florida trial and appellate courts (including the Thirteenth Judicial Circuit, the Tenth Judicial Circuit, the Second District Court of Appeal, the Sixth District Court of Appeal, and the Florida Supreme Court) and federal trial and appellate

courts (including the United States District Court for the Middle District of Florida, United States District Court for the Northern District of Florida, United States District Court for the District of Columbia, the Eleventh Circuit Court of Appeals, and the United States Supreme Court).

7.    The Court also finds that Plaintiff, Angela DeBose, has previously been found to be a vexatious litigant in both the Thirteen Judicial Circuit and the United States District Court for the Middle District of Florida.

8.    Specifically, on July 25, 2022, the Honorable Melissa M. Polo, Circuit Court Judge, entered an Injunctive Sanction Order and Directions to the Clerk against Angela DeBose.

9.    Judge Polo's seven (7) page Order detailed the history of Plaintiff's, Angela Debose's, vexatious and frivolous conduct in the Thirteenth Judicial Circuit, and emphasized:

> Upon careful consideration, the Court finds that DeBose has egregiously abused the judicial process by filing voluminous and frivolous documents in these three cases.
>
> ***
>
> DeBose's filings have placed an unreasonable burden on this Court. Her filings and violation of court orders impede the fair and just allocation of judicial resources and impair the rights of other litigants to timely review their legitimate filings. . . . The result of DeBose's prolific and meritless filings is an extreme waste of time and judicial resources at both the trial and appellate levels. This Court has now spent an unreasonable amount of time and effort on matters involving DeBose. Not only does this greatly prejudice the opposing parties, who must expend countless hours and dollars defending against her frivolous claims and repeated filings, it also unfairly distracts this Court's attention away from other cases and litigants who deserve their fair day in court. DeBose's actions have placed an unfair burden on this Court that reduces the time that should be spent on meritorious motions and cases.
>
> ***
>
> [I]f not curtailed, it appears DeBose will not stop engaging in frivolous and abusive litigation.

10.    Similarly, on September 12, 2022, the Honorable Steven D. Merryday, United States District Court Judge for the Middle District of Florida entered a similar Order against Angela DeBose, wherein she was enjoined from filing *pro se* in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with the University of South Florida, (2) about Ellucian, LP, (3) about any firm's or lawyer's representation of the University of South Florida, LP, or (4) about Plaintiff's litigation against the University of South Florida, the members of the Board of Trustees, the University of South Florida's lawyers and Ellucian LP.

11.    Judge Merryday's September 12, 2022 Order went to great lengths to describe Plaintiff's, Angela DeBose's frivolous and vexatious conduct.  *See* e.g., p. 6 ("DeBose's history of repetitive, wasteful, frivolous, and vexatious conduct"); p. 8 ("DeBose maintains — frivolously — that these judges refused to perform the "ministerial" duty to sanction USF for destroying documents allegedly critical to DeBose's Title VII claims"); p. 9 ("DeBose claims — frivolously — that the Thirteenth Judicial Circuit and the judges presiding over her state-court actions failed to perform a 'ministerial' duty and 'exceeded jurisdiction'"); p. 9 ("Although DeBose frivolously designates adverse decisions as the failure to discharge a 'ministerial' duty, as 'exceeding' each judge's 'jurisdiction,' or as void as a matter of law, a careful review of the record confirms that each act about which DeBose complains is quintessentially a judicial act for which each judge, state and federal, is immune from suit"); p. 10 ("DeBose endeavors frivolously to re-litigate the adverse judgment under the guise of a suit against each judge who received the random assignment of DeBose's successive actions"); p. 12 ("Nonetheless, DeBose frivolously attempts to re-litigate claims already dismissed"); p. 12 ("her *pro se* motion for an attorney's fee and costs, among other

things, is facially frivolous"); p. 14 ("DeBose cannot perpetually file redundant, frivolous, and successive actions burdening her adversaries with legal expenses without cost or consequence to herself").

12.    Judge Merryday's September 12, 2022 Order also specifically noted, on pages 13 and 14, that after Plaintiff lost all of her numerous lawsuits against the University of South Florida, on the merits, "[r]ather than acknowledge[ing] the finality of those judgments, DeBose has chosen resistance and disruption in the form of further actions that feature increasingly bizarre, uncorroborated, and fantastical allegations of conspiracy," and that "[n]othing in DeBose's conduct in her seven years of litigation against USF suggests that DeBose will accept the judgment in this action (or any other action) and refrain from contriving another litigation mechanism method to harass USF and other perceived adversaries."

13.    Pursuant to Section 68.093, *Florida Statutes*, the Court finds that Angela DeBose is not reasonably likely to prevail on the merits of her claims against Florida Polytechnic University (or the University of South Florida or Greenberg Traurig, LLP) in this Action.

14.    The Court finds that the claims pled by Angela DeBose in this Action are all predicated on an alleged conspiracy between Florida Polytechnic University, the University of South Florida, and Greenberg Traurig, LLP to discriminate against Angela DeBose.   The Court finds, similar to Judge Merryday, that the allegations pled by Angela DeBose in this Action are fantastical, bizarre, and frivolous.

15.    The Court notes that prior to initiating the present action, Angela DeBose filed a complaint in the United States District Court for the District of Columbia, which contained allegations that are nearly identical to the allegations made in the present

Action of a purported civil conspiracy between Florida Polytechnic University, the University of South Florida, and Greenberg Traurig, LLP to discriminate against Angela DeBose.

16.    On July 30, 2024, the Honorable Loren L. AliKhan, United States District Judge, issued a Memorandum Opinion dismissing Angela DeBose's Complaint.  In that Opinion, Judge AliKhan stated that Angela DeBose's action "appears to be the latest installment in a series of unsuccessful lawsuits stemming from the same underlying incident."  Further, Judge AliKhan specifically found that:

> Ms. DeBose is subject to a vexatious litigant order barring her from bringing any lawsuit related to these events in [the Middle District of Florida]. *DeBose*, 2022 WL 9886843, at *6. Specifically, she is "ENJOINED from filing *pro se* in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with USF, . . . about any firm's or lawyer's representation of USF . . . about DeBose's litigation against USF, the members of the Board of Trustees, [and] USF's lawyers." *Id.* **The present case plainly falls within the scope of the barring order because it alleges conspiracy on the part of USF, FPU, and their law firm and lawyers to sabotage her employment**.

(Emphasis added).

17.    Similar to Judge AliKhan's findings, this Court finds that the present Action, which is predicated on allegations nearly identical to those in the Action filed by Angela DeBose in the District of Columbia, plainly falls within the scope of Judge Merryday's vexatious litigant Order because it alleges a conspiracy on the part of the University of South Florida, Florida Polytechnic University, and their law firm and lawyers to sabotage her employment.

18.    The Court further finds that Angela DeBose is not reasonably likely to prevail on the merits of this Action because, as recognized by Judge AliKhan, it is the latest installment in a series of unsuccessful lawsuits stemming from the same

underlying incident, and therefore Angela DeBose's claims are likely barred by res judicata and collateral estoppel. Specifically, Angela DeBose has already litigated multiple causes of action that included allegations of discrimination and/or conspiracy against the University of South Florida and Greenberg Traurig (and now Florida Polytechnic University). Those actions were litigated to finality with adverse decisions rendered against Angela DeBose. Despite Angela DeBose's attempt to omit the University of South Florida and Greenberg Traurig, PLLC as named Defendants in the present Action, they are undoubtedly necessary and indispensable parties to this Action. Therefore, Angela DeBose is not reasonably likely to prevail on the merits of this Action under principles of res judicata and/or collateral estoppel. *See e.g.*, *Topps v. State*, 865 So. 2d 1253, 1255 (Fla. 2004) ("The doctrine of res judicata bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised . . . . The idea underlying res judicata is that if a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined again in *any court* (except, of course, for appeals by right)").

19.     The Court also finds that Angela DeBose is not reasonably likely to prevail on the merits of this Action because the evidence presented at the April 10, 2025 evidentiary hearing demonstrates that Angela DeBose was not terminated from her employment by Florida Polytechnic University. Instead, the evidence presented demonstrates that on February 27, 2019, while she was employed at Florida Polytechnic University, Angela DeBose voluntarily submitted her Application for Service Retirement and the Deferred Retirement Option Program, in which she resigned from her employment and elected to participate in the Deferred Retirement Option Program

for a period of time not to exceed sixty (60) months.  In the Application, which Angela DeBose executed under oath, she attested to the following: "I have resigned my employment on the date stated below and elected to participate in the DROP in accordance with s. 121.091(13), Florida Statutes" and that "My DROP participation cannot exceed a maximum of 60 months."    On March 31, 2019, Florida Polytechnic University certified Angela DeBose's Application for the Florida Division of Retirement.  At the time in which Angela DeBose submitted the Application, thereby voluntarily resigning from her employment with Florida Polytechnic University, the Deferred Retirement Option Program was a maximum of five (5) years (or 60 months).  As the result of her resignation from her employment with Florida Polytechnic University, the Florida Retirement System set Angela DeBose's Deferred Retirement Option Program termination date as August 31, 2023. Subsequent to Angela DeBose voluntarily resigning from her employment at Florida Polytechnic University, the Florida Legislature amended certain laws permitting individuals who already elected to participate in the Deferred Retirement Option Program to request up to an additional three (3) years of DROP.  The decision to grant or deny said request for an extension remained within the discretion of the employer.  Said legislative change took effect July 1, 2023, which was less than two (2) months before Angela DeBose's effective retirement date of August 31, 2023.  At that time, Angela DeBose had already been in the Deferred Retirement Option Program for approximately four (4) years and ten (10) months, and in anticipation of her August 31, 2023 retirement, Florida Polytechnic University had already restructured its Division of Information Technology, reallocated its budget to accommodate that restructured Division, and hired or trained other individuals to perform the duties originally performed by Angela DeBose.  On July 27, 2023, which

was approximately one (1) month before Angela DeBose's retirement date, she requested to extend her DROP for an additional three (3) years. The granting of a DROP extension was optional, and because Florida Polytechnic University already made significant structural and financial changes in preparation for her August 31, 2023, retirement, Florida Polytechnic University made the decision to deny Angela DeBose's request for an extension of her DROP. In conformity with her August 31, 2023, retirement date, Angela DeBose signed, under oath, the Deferred Retirement Program Termination Notification on August 23, 2023, which explicitly acknowledged her retirement date of August 31, 2023. Therefore, the evidence presented demonstrates that Angela DeBose retired from her job and was not terminated by Florida Polytechnic University.

20.    Moreover, it is highly unlikely that an individual who was allegedly suffering from racial discrimination and a hostile work environment on a daily basis (as Angela DeBose has alleged in this case) would voluntarily request to extend their employment for another three (3) years, thereby forcing themselves to suffer from discriminatory actions and a hostile work environment for another three (3) years. The fact that Angela DeBose requested a three year extension of her employment at Florida Polytechnic University, approximately one (1) month before her DROP termination date, undermines her current allegations that she was the victim of discrimination and a hostile work environment, often on a daily basis. This blatant inconsistency further demonstrates that Angela DeBose is not reasonably likely to prevail on the merits of this Action.

21.    The Court further finds that Angela DeBose is not reasonably likely to prevail on the merits of her claim that Florida Polytechnic University, the University of

10

Exhibit C 10 of 15

South Florida, and Greenberg Traurig, LLP conspired to discriminate against her.  The

Court finds that said allegations of civil conspiracy are nearly identical to those filed by

Angela DeBose in cases (1) *DeBose v. Greenberg Traurig, LLP, et al*., Case No.: 1:24-

cv-938 (United States District Court for the District of Columbia); and (2) *DeBose v.

Univ. of S. Fla. Bd. of Trustees, et al.,* Case No.: 2022-CA-4101 (Fla. 10th Cir. Ct.).  In

all three cases, Angela DeBose has made nearly identical allegations that Florida

Polytechnic University entered into a contract and/or agreement with Greenberg

Traurig, LLP, its attorneys, and/or the University of South Florida regarding Angela

DeBose, in order to conspire to discriminate against Ms. DeBose and sabotage her

employment with Florida Polytechnic University.  In those cases, Angela DeBose's

claims regarding the alleged conspiracy between Florida Polytechnic University,

Greenberg Traurig LLP, and the University of South Florida, are based on Private

Attorney Services Contracts between Greenberg Traurig, LLP and Florida Polytechnic

University, which she received through discovery in another matter and/or in response

to a public records request.  Copies of the Private Attorney Services Contracts between

Greenberg Traurig, LLP and Florida Polytechnic University were presented as evidence

to the Court, and there is nothing on the face of those contracts that demonstrate that

they pertain to Angela DeBose, in any manner.  Instead, the evidence presented

demonstrated that Florida Polytechnic University entered into the Private Attorney

Services Contracts with Greenberg Traurig, LLP in order to retain Greenberg Traurig,

LLP to represent Florida Polytechnic University in relation to faculty union issues that

did not, in any way, pertain to Angela DeBose.  Copies of the invoices submitted by

Greenberg Traurig, LLP to Florida Polytechnic University in relation to the Private

Attorney Services Contracts reflect that the work performed was in relation to United

Faculty of Florida v. Florida Polytechnic University Board of Trustees—which was the matter in which Greenberg Traurig, LLP represented Florida Polytechnic University. Further, the invoices demonstrate that the contracts between Greenberg Traurig, LLP and Florida Polytechnic University in no way pertain to Angela DeBose. Therefore, the evidence presented demonstrated that there are no contracts or agreements between Florida Polytechnic University and Greenberg Traurig, LLP, or the University of South Florida, regarding or pertaining to Ms. DeBose in any manner.

22.    In conclusion, the Court finds that Angela DeBose, who is a lawyer admitted to the bar of the state of Wisconsin, continues to file duplicative unmeritorious actions, in any forum she can find, each of which are predicated on allegations of increasingly bizarre, uncorroborated, and fantastical allegations of conspiracy. Angela DeBose has received her day in court, on numerous occasions, and has repeatedly been unsuccessful.  Instead of recognizing the finality of those actions, Angela DeBose continues to search for any forum (federal or state) in which she can relitigate her discrimination and/or conspiracy claims, in hopes of harassing the University of South Florida, its attorneys, and any other perceived adversaries—which now appears to be Florida Polytechnic University.  As recognized by Judge Merryday, and now reiterated by this Court, there is nothing in Angela Debose's over nine (9) years of litigating her discrimination and/or conspiracy claims that suggest she will ever accept the judgment in any action.

It is therefore **ORDERED AND ADJUDGED**:

A.    Plaintiff, Angela DeBose is a "vexatious litigant" pursuant to Section 68.093, *Florida Statutes*.

Exhibit C 12 of 15

B.    Defendant, Florida Polytechnic University, carried its burden of demonstrating that Angela DeBose is a vexatious litigant and is not reasonably likely to prevail on the merits of this Action.

C.    Therefore, Florida Polytechnic University's Motion for Order Determining Plaintiff's Status as a Vexatious Litigant and for an Order Requiring Plaintiff to Furnish Security Pursuant to Section 68.093, *Florida Statutes*, and Motion to Stay Proceeding Pending Ruling on This Motion is **GRANTED** as of the date of the April 10, 2025 hearing.

D.    Plaintiff, Angela DeBose is hereby Ordered to furnish security in the form of a bond in the amount of One Million Dollars ($1,000,000.00) within forty-five (45) days of the date of this Order, which shall ensure payment to Defendant in an amount sufficient to cover the expenses of litigation in this matter, including attorneys' fees and taxable costs.

E.    The Court determines that the One Million Dollars ($1,000,000.00) amount is reasonable, given the fact that the University of South Florida and Greenberg Traurig, LLP are necessary and indispensable parties to this Action, and given the fact that Angela DeBose has a history of protracted and vexatious litigation, resulting in seven (7) years of litigation in some cases, with numerous appeals and extensive motion practice.  This conduct is well documented within the dockets from fifty-nine (59) cases and appeals entered into evidence by Florida Polytechnic University.  In some of those cases, there were 623 docket entries, 493 docket entries, and 257 docket entries and numerous appeals within single cases.  The Court has no reason to believe that the present Action would be any

Exhibit C 13 of 15

different, and finds that, given the well documented conduct of Angela DeBose, One Million Dollars ($1,000,000.00) is a conservative estimate as to the amount of attorneys' fees and costs that Defendants could incur in relation to her litigation tactics (as already reflected by Angela DeBose's filings in this Action).

F.    If Angela DeBose fails to post the bond in the amount of One Million Dollars ($1,000,000.00) within 45 days, then this Action will automatically be dismissed with prejudice.

G.    Because the relief provided under Section 68.093, *Florida Statutes*, is "cumulative to any other relief or remedy available to a defendant under the laws of this state," if Angela DeBose successfully posts the bond ordered herein, then all future pleading, filings, motions, and/or papers filed by Angela DeBose in this Action shall be signed off by a member in good standing of The Florida Bar.

H.    The Court further orders, consistent with Section 68.093(4), *Florida Statutes*, that Angela DeBose is hereby prohibited from commencing, *pro se*, any new action in any court within the Tenth Judicial Circuit without first obtaining leave of the administrative judge of the Tenth Judicial Circuit.  If Angela DeBose files such an action without first obtaining leave of court, said conduct may be punished by contempt of Court as provided in Section 68.093(4), *Florida Statutes*.

I.    Pursuant Section 68.093(6), *Florida Statutes*, the clerk of the court is hereby ordered not to file any new action filed by Angela DeBose *pro se*, unless Angela DeBose has obtained an order from the administrative

14

Exhibit C 14 of 15

judge permitting such filing. If the clerk of the court mistakenly permits Angela DeBose to file an action *pro se* in contravention of this prefiling order, any party to that action may file with the clerk and serve on Angela DeBose and all other defendants a notice stating that Angela DeBose is a *pro se* vexatious litigant subject to this prefiling order. The filing of such a notice shall automatically stay the litigation against all defendants to that action.   The administrative judge shall automatically dismiss the action with prejudice within 10 days after the filing of such notice unless Angela DeBose files a motion for leave to file the action.

J.      Pursuant to Section 68.093(6), *Florida Statutes*, the clerk of the court is hereby further ordered to provide a copy of this Order to the Clerk of the Florida Supreme Court, who shall maintain a registry of all vexatious litigants.

K.      The Court retains jurisdiction to enter any other orders necessary to enforce this Order.

**ORDERED** in Polk County, Florida on Wednesday, April 30, 2025.

53-2024-CA-003555-0000-00 04/30/2025 11:04:24 AM

Reinaldo Ojeda, Circuit Judge
53-2024-CA-003555-0000-00 04/30/2025 11:04:24 AM

Copies furnished to:
Angela DeBose (awdebose@aol.com)
Nicholas T. Zbrzeznj, Esq. (nick@southernatlanticlaw.com)