UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Angela Debose**,

    Plaintiff,

v.                                                       Case No. 8:25-cv-828-WFJ-AAS

**Florida Polytechnic University
Board of Trustees**,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's motion for disqualification. Dkt. 26. In pertinent part, she argues the undersigned has engaged in "judicial protectionism" by remanding a related case to State Court after terminating defendant judges based on judicial immunity (Case No. 8:25-cv-400 at Dkts. 19, 23). *Id.* at 3–4. She also argues the Court's rulings in this case show partiality. *Id.* at 4–5. Specifically, Plaintiff challenges the Court denying her motion for default judgment (Dkt. 13), notwithstanding the Court (1) granting Defendant's motion for extension of time to answer (Dkts. 5, 6), and (2) ordering Plaintiff to show cause why her present complaint is not subject to the bar order entered in Case No. 8:21-cv-2127, Dkt. 81 at 15–16 (Dkt. 15).

1

A district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). He shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(b)(1). "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). "The judge's bias must be personal and extrajudicial." *Id.* "An exception to this general rule occurs when the movant demonstrates 'pervasive bias and prejudice.'" *Id.* (citation omitted).

Here, none of Plaintiff's alleged bases for the undersigned's recusal involve either personal bias toward a party or personal knowledge of facts in this case. *See* § 455(b)(1). Plaintiff disagrees with the Court's rulings in this case and Case No. 8:25-cv-400. Dkt. 26 at 3–5. These are judicial decisions that are not indicative of pervasive bias and prejudice, and do not serve as bases for recusal. *See, e.g.*, *McWhorter*, 906 F.2d at 678.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

Plaintiff's motion for disqualification, Dkt. 26, is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on June 18, 2025.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

2

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, *pro se*