**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO: 8:25-cv-00828-WFJ-AAS**

ANGELA WASHINGTON DEBOSE,

     Plaintiff,

v.

FLORIDA POLYTECHNIC UNIVERSITY
BOARD OF TRUSTEES,



     Defendant.

_____/

**SECOND VERIFIED MOTION TO DISQUALIFY DISTRICT JUDGE**
**AND MEMORANDUM OF LAW BASED ON NEW EVIDENCE**

Pursuant to 28 U.S.C. § 455 and 28 U.S.C § 144, Plaintiff Angela DeBose hereby files this Verified Motion to Disqualify District Judge and Memorandum of Law. In support thereof, Plaintiff states as follows:

1. 28 U.S.C. § 455 mandates that federal judges, including magistrates, disqualify themselves from any proceeding where their impartiality might reasonably be questioned. This means a judge must step aside if a reasonable person, knowing all the facts, would question their ability to be fair and impartial. Specifically, this includes situations where the judge has a personal bias or prejudice against a party, has personal knowledge of disputed facts, or has a financial interest in the matter. The statute also addresses prior involvement in the case, such as serving as a material witness. Parties cannot waive disqualification based on the specific circumstances outlined in § 455(b).

2. 28 U.S.C. § 144 governs the process for requesting the recusal of a federal district judge based on alleged bias or prejudice. It requires a party to file a timely and legally sufficient affidavit stating the facts and reasons supporting the belief that the judge has a personal bias or prejudice. If the affidavit is deemed sufficient, the judge must recuse themselves from the case and another judge must be assigned.

3. Generally, while 28 U.S.C. § 455 can be invoked without a party filing a motion, a motion may be used to bring to the court's attention reasons for judicial disqualification under this statute. Section 144, on the other hand, deals exclusively with the actual bias or prejudice of a judge. The bias or prejudice is not just a judicial or legal opinion based on the case facts. Section 144 is typically triggered by a party's affidavit, while section 455 can be invoked by motion or requires judges to recuse themselves *sua sponte* (on their own).

4. The principal facts constituting the grounds for this Motion were discovered on June 10, 2025. In Florida, a motion to disqualify a judge must be filed within 20 days of discovering the facts that form the basis for disqualification, and it must be done promptly and presented to the court for a ruling. This Motion is timely filed and satisfies 28 U.S.C. § 455(a) and (b). The Affidavit satisfies 28 U.S.C. § 144.

5. For the reasons outlined in the attached Affidavit of Michael Washington, **Exhibit-A**, incorporated herein as factual background, the Plaintiff fears she will not receive a fair hearing because of the Court's demonstrable prejudice against her (and her family, the Washingtons), and its clear pre-judgment of the case in favor of the Defendant Florida Polytechnic University Board of Trustees. The Affidavit clearly provides a basis for requesting the judge's disqualification, such as personal bias or prejudice, relationships with parties or judicial officials involved in other cases involving the Plaintiff and/or her family, financial interests, or prior involvement in the case.

6. The Affidavit is based on specific, well-founded facts that are relevant to the judge's alleged bias or prejudice. The grounds involve judicial conduct, evincing ex parte communications and participation. The Affidavit includes the date the relevant facts were discovered, sufficient to indicate the timeliness of this motion.

## MEMORANDUM OF LAW

7. This memorandum is submitted in support of the Motion to Disqualify Judge William F. Jung from presiding over the above-captioned matter. Recusal is mandated under 28 U.S.C. § 455 due to circumstances that call into question the Court's impartiality, or create a perception of bias, such that a reasonable person could harbor doubts about the judge's fairness in this proceeding.

8. Plaintiff Angela DeBose respectfully moves for the disqualification of District Judge Jung from presiding over this case also pursuant to 28 U.S.C. § 144, which states that a judge shall recuse himself when a party timely files a sufficient affidavit that the judge has a personal bias or prejudice either against the party or in favor of an adverse party. This motion is supported by the accompanying affidavit of Michael Washington. Plaintiff believes, based on the specific facts detailed in Michael Washington's Affidavit and below, that a personal bias or prejudice exists that warrants disqualification under § 144.

9. Prejudice of a judge is a delicate question to raise, but when raised as a bar to the trial of a cause, if predicated on grounds with a modicum of reason, the judge against whom raised should be prompt to recuse himself. One specific case that touches on judicial recusal and bias in the 11th Circuit *is Norris v. United States*, No. 15-10390 (11th Cir. 2016). In this case, a habeas corpus action was filed alleging that a conviction violated the Due Process Clause due to racial bias by the judge. The 11th Circuit agreed that alleged personal bias against the defendant, if proven, could be a structural defect requiring a new trial. In *U.S. v. Martin*, although the judge in this case had

no actual bias, the Eleventh Circuit ordered his recusal due to repeated reversals of his rulings, as it was deemed likely he would have difficulty setting aside his previous views. The case involved a wrongful home raid by FBI agents and subsequent legal challenges under the Federal Tort Claims Act (FTCA). The Supreme Court ultimately reviewed the Eleventh Circuit's decision, vacating it and remanding the case for further proceedings. The Supreme Court held that the Supremacy Clause does not provide a defense for the U.S. government in FTCA suits.

10.  Participation has also caused recusal.  A relevant Eleventh Circuit case where the issue of a judge's potential recusal due to previous participation arose is *Jones v. Governor of Florida* (20-12003). In this case, Judges Barbara Lagoa and Robert Luck faced calls to recuse themselves because they had previously participated in a related matter while serving as Florida Supreme Court justices. The case involved a Florida law requiring ex-felons to pay fines and fees before regaining the right to vote, stemming from the passage of Amendment 4. The Code of Conduct for United States Judges advises judges to disqualify themselves from proceedings where their impartiality might be reasonably questioned, including when they have previously participated as a judge or in other capacities in a previous judicial position or as advisor or material witness.

11.  A motion to disqualify a judge must establish that the judge's impartiality might reasonably be questioned. This is the standard outlined in 28 U.S.C. § 455(a). This means even if the judge believes they are unbiased, a reasonable observer who knows the facts of the case might have doubts about the judge's fairness. The judge's personal belief about their own bias is not the only factor. The focus is on whether a reasonable person would question the judge's impartiality. Under Florida law, a court looks to see whether the facts alleged would place a reasonably prudent person in fear of not receiving fair and impartial treatment from the trial judge. *Peterson v. Asklipious*, 833 So. 2d 262, 263-64 (Fla. 4th DCA 2002); *Johnson v. State*, 769 So. 2d 990 (Fla. 2000); *Hayslip*

*v. Douglas*, 400 So. 2d 553, 556 (Fla. 4th DCA 1981). If a party has a "well-grounded fear" of bias, even without the judge personally knowing them, it can be grounds for disqualification.

12. If pursuing disqualification based on personal bias or prejudice under 28 U.S.C. § 144, the party must file a timely and sufficient affidavit stating the facts and reasons for the belief that bias or prejudice exists. A judge's lack of personal knowledge of a party is *not* necessarily a shield against disqualification. The inquiry into disqualification is based on whether the litigant may reasonably question a judge's impartiality, not on whether the presiding judge believes that he or she has the ability to act fairly and impartially.

13. Although a judge may form mental impressions during a proceeding, prejudgment of an issue is not permitted. If a judge is believed to have a prejudgment about a case, the appropriate course of action is to file a motion to disqualify the judge. This is particularly true where the bias is personal and directed at a specific party in the case:

- Extra-Judicial Source: Generally, disqualification is required when the alleged bias stems from an *extra-judicial* source, meaning the bias arises from something outside of the courtroom proceedings, not from rulings or opinions formed during the course of the litigation itself. *Loranger v. Stierheim*, 696 F.2d 1006 (11th Cir. 1982).

- Appearance of Partiality: A judge must disqualify themselves if their impartiality could be reasonably questioned.

- Personal Bias/Prejudice: A judge must disqualify themselves if they have a personal bias or prejudice concerning a party.

- Pervasive Bias: The Eleventh Circuit recognizes a "pervasive bias exception" which applies when a judge has exhibited "partisan zeal" or has "stepped down from the bench to assume the role of advocate". This indicates a level of bias that goes beyond simply having

formed an opinion based on the case itself. *Hamm v. Members of Bd. of Regents of State of Fla*, 708 F.2d 647 (11th Cir. 1983)

14. Disqualification is required when judge has a predisposition before considering evidence or ruling, prior to testimony, on a matter pending before the court. Disqualification is further required when judges become advocates for litigants, or otherwise actively participate in the adversarial process. This includes strategizing with or giving suggestions or 'tips' to either side.

15. A district court judge has an obligation to rule on a motion for disqualification of judge (also known as recusal) based on legal standards established in 28 U.S.C. § 144 and 28 U.S.C. § 455. The judge must determine if the motion is timely, legally sufficient, and if the facts presented demonstrate a reasonable basis to question the judge's impartiality. If the motion meets these requirements, the judge must disqualify themselves from the case. The Code of Judicial Conduct, Canon 3(B)(5), provides, in pertinent part, that "[a] judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice . . ."

## APPLICATION TO THE PRESENT CASE

16. The conduct of the Court in the instant case establishes a reasonable and objective fear on part of Plaintiffs that they will not receive a fair and impartial hearing.

17. The Court may have unfairly met and communicated with the defendants in 24-CA-010301 / 8:25-cv-00400-WFJ-AEP and had unlawful ex parte communications with other judicial officials with the defendants and without the Plaintiff and/or the Plaintiff's family members, denying them any opportunity to be heard on the issues or matters discussed. This was a denial or deprivation of due process, in violation of the constitution and fundamental error.

18. The Court's demonstrated bias and undeniable case prejudgment is unwaivable and cannot be remedied.

19. Because of the extraordinary actions of the Court on June 10, 2025, the Court's impartiality will continue to be an objective question.

20. The Plaintiff has an objectively reasonable and well-founded fear of possible prejudice in the Court's *ex parte* communications and case strategizing, fixing, or rigging meetings with the defendants and/or federal judge Steven D. Merryday concerning Plaintiff and/or the Washington family.

**WHEREFORE**, Plaintiff respectfully asks the Court to enter an Order of Recusal. In the event the Court denies the instant Motion, Plaintiffs respectfully request that the Court enter an Order continuing the proceedings in order to permit the filing of a Petition for Writ of Prohibition and/or Mandamus with the Eleventh Circuit Court of Appeal.

Respectfully submitted this **23rd** day of June, 2025.

/s/ Angela Washington DeBose
Angela Washington DeBose

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **23rd** day of June, 2025, a copy of the above and foregoing was filed with the Clerk and will electronically notify the parties. The subject judge of this motion will also be served.

/s/ Angela Washington DeBose
Angela Washington DeBose
1107 W. Kirby Street
Tampa, FL 33604
(813) 932-6959
awdebose@aol.com

# EXHIBIT-A

**<u>AFFIDAVIT of MICHAEL WASHINGTON</u>**

STATE OF FLORIDA )        SS

COUNTY OF HILLSBOROUGH )

      Before me personally appeared **MICHAEL WASHINGTON,** who after being duly sworn, states as follows:

  I, MICHAEL WASHINGTON, hereby depose and state under penalty of perjury:

1.  My name is Michael Washington, and I am over the age of eighteen and competent to make this affidavit.

2.  I am a retired federal (and State of Florida) probation and parole officer, in and for the United States Middle District of Florida, Tampa Division.

3.  On June 10, 2025, I went to the Clerk's Office of the Middle District of Florida, Tampa Division, located at 801 North Florida Avenue, Tampa, Florida 33602 to pay a filing fee for an appeal in Case 8:21-cv-2127. The receipt from the clerk shows payment was made at 11:32 a.m., (attached as "Exhibit A").

4. As I was leaving the courthouse from the first floor entrance, I saw four women and a man entering the building and going through security.

5. I immediately recognized Jennifer X. Gabbard, circuit judge, Hillsborough County, Thirteenth Judicial Circuit Court. Judge Gabbard is presiding judge in my cases 16-CA-893 *Michael Washington v. Florida Department of Transportation* and 21-CA-9488 *Michael Washington v. Christoper A. Boyd*, ESQ. Judge Gabbard is the presiding judge in Case 23-CA-16058, *Estate of LaShawn Washington, et al. v. Tampa General Hospital, et al.* Judge Gabbard is also a defendant and potential witness in Case 24-CA-010301, *LaVonne Washington, Michael Washington v. Gina Justice, et al.*, in which she is being sued for constitutional violations. Although Judge Gabbard has been asked to recuse from these cases because of her bias and/or conflicts of interest in these legal proceedings, she has refused to disqualify. There are pending appellate proceedings[1] and judicial complaints before the Judicial Qualifications Commission (JQC) to remove / discipline Judge Gabbard.

---

[1] Florida Supreme Court and Florida Second District Court of Appeals

6. I saw a black female judge I believe was Kemba Lewis,[2] a circuit judge whose normal assignment is in the Tenth Judicial Circuit, in and for Pinellas and Pasco County. Judge Lewis was assigned or appointed by the Florida Supreme Court to preside over 24-CA-010301. I have never appeared before Judge Lewis but I and my sister LaVonne Washington have a status conference meeting on July 17, 2025 before her, along with other defendants from the Hillsborough County circuit court and Steven D. Merryday, U.S. district judge, Middle District of Florida, Tampa Division, who was also sued for constitutional violations.

7. I saw a white female judge that appeared to resemble or look like Melissa Polo, circuit judge, Hillsborough County, Thirteenth Judicial Circuit Court. Judge Polo is a defendant and potential witness in 24-CA-010301. Judge Polo entered a permanent prefiling injunction against my sister, Angela Washington DeBose, in her public record cases 15-CA-5663, 17-CA-1652, and 19-CA-4473, denying her due process. Judge Polo denied my joint motion with my sister, LaVonne Washington, to intervene in these cases because her prefiling injunction was applied retroactively in the wrongful death case, No. 23-CA-16058, of my sister LaShawn Washington, after the case was filed by Angela Washington DeBose, appointed personal representative of the Estate in Case No. 22-CP-001367, *In Re Estate of LaShawn Washington*. Judge Polo's injunction order was also applied in Case No. 25-CA-2858, *Estate of Patricia Ann Washington, et al., v. John Cox, et al.*, resulting in Victor Crist or his staff following an irregular process to criminally *delete* the case from the court system on or around April 14-16, 2025, in violation of multiple Florida statutes, after issuing summons for service of process.

8. I saw a white male who I perceived to be Victor Crist, Clerk of Court. Though not originally named, Victor Crist substituted himself as a defendant and potential witness for named defendant and former clerk of court, Cindy Stewart in Case 24-CA-010301. In addition to his criminality in deleting a court / public record in 25-CA-2858, Victor Crist then failed to carry out his ministerial duty to enter a Clerk's default in Case 24-CA-010301 against federal district judge Steven Merryday or issue subpoenas for the federal judge(s) emails and the Hillsborough County circuit judges' emails to show their collusion or coordination in federal/state cases involving the Washingtons.

9. I suspect or reasonably believe that Gabbard, Lewis, Polo, and Crist went to the Middle District of Florida, Tampa Division location to meet with Judge Merryday and/or William F. Jung.

---

[2] Another black woman was with Lewis—possibly her judicial assistant.

10. Steven Merryday is a defendant and potential witness in 24-CA-010301. Merryday and his U.S. attorney removed case 24-CA-010301 for unlawful reasons or by unlawful means. Merryday was in default when the case was removed and a motion for entry of a default and default judgment had been filed by me and my sister, LaVonne Washington. The removal was incomplete and did not include the Complaint. Merryday did not have the consent of the other defendants. There was no federal question and complete diversity of citizenship did not exist. Judge Merryday and Judge Jung conspired together for Judge Jung to dismiss Merryday and the other judges as defendants before remanding the case to state court in Hillsborough County. Using Judge Polo's injunction order, Judge Merryday also entered a permanent prefiling injunction against Angela Washington DeBose, denying her due process. Well before the date Merryday entered the injunction order, Angela Washington DeBose filed papers identifying bias and (actual or appearance) conflicts of interest. Judge Merryday refused to recuse/disqualify the case involving Hillsborough County, Thirteenth Judicial Circuit Court judges—though he recused from a similar case where my sister was not a party. Judge Merryday, was "assigned" to Case 8:24-cv-02433-SDM-NHA, *Angela Washington DeBose, Personal Representative and Rightful Beneficiary of the Estate of Patrica Ann Washington v. Primerica Life Insurance Company*. Following disclosure on unwaivable bias and conflicts of interest by Angela Washington DeBose and her lawyer, Judge Merryday refused to recuse/disqualify; as a result, the case is FUBAR. Cross claims were filed against Judge Merryday by the heirs of the Estate, making him a defendant and potential witness. Merryday refused to allow the cross claims to be filed in the original case and has instead multiplied the litigation by filing and serving at least five (5) other cases, some of which were assigned to Judge Jung.

11. William F. Jung not only conspired and agreed with Merryday to dismiss him and the other judges but I think or have every reason to believe that Jung also agreed to carry out, advance, or further Merryday's vendetta against Angela Washington DeBose. Judge Jung is presiding over Angela Washington DeBose's federal Title VII discrimination case against Florida Polytechnic University Board of Trustees. Even though Merryday informed the clerk's office of the Middle District of Florida, Tampa Division, that Angela Washington DeBose's case against the Florida Polytechnic University Board was not barred but the injunction applied to the University of South Florida (USF) Board of Trustees, Jung is seeking to dismiss my sister's case by deploying unlawful means or for unlawful reasons.

12. If Judge Lewis met with defendant and potential witness, Steven Merryday, Gabbard, Polo, Crist, and also Jung, they may have committed a crime on federal property.

13. On June 10, 2025 at 1:13 p.m., we contacted Kim Caliendo, Private Investigator, and asked for her assistance with obtaining the surveillance footage, (attached as Exhibit B).

14. Also on June 10, 2025, I informed my sister Angela Washington DeBose of the above facts, and she called and emailed the U.S. Marshal's Office at the Middle District of Florida and nationally to request the surveillance evidence.

15. The U.S. Marshal's office refused the request and directed her to the national office.

16. On June 10, 2025, the attached FOIA request, (attached as Exhibit C), was emailed to the national office (us.marshals@usdoj.gov).

17. Private Investigator Kim Caliendo informed that her requests for the surveillance footage has been unsuccessful.

18. The US Marshal's Office has not responded to the email.

19. Based on my personal observations and other information available to me, I believe that the federal and Hillsborough County judges entered into an agreement to commit conspiracy and fraud on the court against the Washingtons collectively, including Angela Washington DeBose, on federal property.

20. Judge Kemba Lewis is suddenly the presiding judge over the wrongful death case of Patricia Ann Washington, which was filed in Pasco County, Case No. 25-CA-1410, in an abundance of caution, following the deletion of the Case 25-CA-2858 from the Hillsborough County system.

21. The crimes have been reported to the Tampa Police Department (Report #25-258110), FBI, Attorney General, and State Attorney's Office. There is no acknowledgement of the incidents, except the assignment of preliminary case numbers, that actual investigations are underway.

22. I understand that a conspiracy involves an agreement between two or more people to commit a crime, and that the overt acts I have observed are in furtherance of that agreement.

23. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**FURTHER AFFIANT SAYETH NAUGHT.**

By: _Michael Washington_                    Date: June 21, 2025.

**MICHAEL WASHINGTON, AFFIANT**

**SUBSCRIBED AND SWORN TO** before me this _21_ day of June, 2025.

Notary Public in and of the State of Florida.

My Commission Expires: _12/26/2026_.

Signature of Notary Public

Gale M. Philson

Name of Notary Public printed



GALE M. PHILSON
Commission # HH 341017
Expires December 26, 2028