UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Angela Debose**,

    Plaintiff,

v.                                      Case No. 8:25-cv-828-WFJ-AAS

**Florida Polytechnic University
Board of Trustees**,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's second motion for disqualification, brought pursuant to 28 U.S.C. §§ 455, 144. Dkt. 34. In pertinent part, she asserts the Court is partial because of "ex parte communications" that allegedly occurred. *Id.* at 6–7. Specifically, the attached affidavit of Plaintiff's brother states he was at the Sam M. Gibbons United States Courthouse on June 10, 2025. *Id.* at 9. He saw five people he believed to be either judges or judicial staff who are presiding over, defendants in, or witnesses in the various cases Plaintiff and her siblings have pending in Florida. *Id.* at 9–10. Affiant "suspect[s] or reasonably believe[s]" that group of people "went to the Middle District of Florida, Tampa Division location to meet with Judge [Steven D.] Merryday and/or William F. Jung." *Id.* at 10. He believes some sort of conspiracy was entered. *Id.* at 12.

1

The affidavit attached to Plaintiff's motion is not relevant to the present proceeding, and is in fact pure fantasy. No serious person would consider it as bona fide. Plaintiff has failed to show the Court has a personal bias or prejudice concerning a party in this case; recusal is not justified. *See* § 455; § 144; *Fox v. Prudential Fin.*, 178 F. App'x 915, 919 (11th Cir. 2006) (finding a reasonable person would not find partiality based on unsupported, conclusory statements that "secret discussions" occurred between the defendant and the court); *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1370–72 (M.D. Ga. 2009), *aff'd*, 368 F. App'x 949 (11th Cir. 2010) (finding (1) the affidavit supporting the motion for recusal was insufficient because it was not executed by the aggrieved *party to the action*, as required by § 144, and (2) the unsubstantiated and false accusation that the judge ex parte met with a third party did not support recusal).

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

Plaintiff's second motion for disqualification, Dkt. 34, is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on June 26, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, *pro se*