UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO: 8:25-cv-00828-WFJ-AAS

ANGELA WASHINGTON DEBOSE,

    Plaintiff,

v.

FLORIDA POLYTECHNIC UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

JUN 30 2025 AM 8:42
FILED - USDC - FLMD - TPA

## NOTICE OF FILING
## OF PETITION FOR WRIT OF PROHIBITION

Plaintiff Angela DeBose files notice of filing of the attached Petition for Writ of Prohibition on June 29, 2025.[1]

**Submitted: 06/30/2025**

Respectfully,

/s/ Angela DeBose
Angela DeBose, Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2025, a true and correct copy of the above and foregoing was filed electronically and emailed to all registered parties of record.

/s/ Angela DeBose
Angela DeBose
1107 W. Kirby St.
Tampa, FL 33604

---

[1] The Appendix filed is not attached.

1

No. _____

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

# OF THE UNITED STATES

---

## IN RE ANGELA DEBOSE—PETITIONER,

**On Petition for a Writ of Prohibition**
**(Case No. 8:25-cv-00828-WFJ-AAS)**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

---

## INITIAL BRIEF OF PETITIONER

---

Angela DeBose
1107 W. Kirby Street
Tampa, FL 33604
(813) 230-3023
awdebose@aol.com

June 29, 2025

# CERTIFICATE OF INTERESTED PERSONS STATEMENT

Pursuant to 11th Circuit Rule 26.1-1(a), Appellant Angela DeBose hereby files her Certificate of Interested Persons (CIP) Statement. The name of each person, attorney, association of persons, firm, law firm, partnership, corporation, and all other identifiable legal entities related to *any* party in the case, that has or may have an interest in a party to this action or in the outcome of this action, is listed below:

1.  Amanda Arnold Sansone, presiding Magistrate Judge

2.  Angela DeBose, Plaintiff

3.  Florida Polytechnic University Board of Trustees, Defendant

4.  William F. Jung, District Judge

5.  Nicholas Thaddeus Zbrzeznj, Attorney for Defendant

6.  Southern Atlantic Law Group, PLLC, Law Firm for Defendant

## TABLE OF CONTENTS

TABLE OF CITATIONS ……………………..…………………………….ii-iii

JURISDICTION……………………………………………………...………….1

STATEMENT OF THE FACTS…………………..……………………………..1

REASON WHY THE WRIT SHOULD ISSUE…………………………………..2

      1. Appearance of Impropriety………………………………………...2

      2. Ex Parte Communications…………………………………………3

      3. Judge's Refusal to Disqualify……………………………………...3

      4. No Adequate Remedy at Law……………………………………...3

LEGAL ARGUMENT……………………………………………..……...4

    A. Disqualification is Required Under Statute 28 U.S.C. § 455(a) Because the Respondent Judge's Impartiality Might Reasonably Be Questioned……………………………………………………….4

    B. 28 U.S.C. § 455(a) Does Not Require an Affidavit or Formal Procedure……………………………………………………....5

    C. Ex Parte Communications Create an Appearance of Impropriety……...7

    D. Under the Objective Standard, a reasonable person would doubt the judge's impartiality……………………………………………..7

CONCLUSION AND PRAYER FOR RELIEF…..………………………………8

CERTIFICATE OF COMPLIANCE………………………………………………9

CERTIFICATE OF SERVICE……………………………………..…………….10

# TABLE OF CITATIONS

**CASES**                                                                 **PAGE**

*Cheney v. U.S. Dist. Court for D.C.*,

    542 U.S. 367 (2004)……………………………………………....4

*Frates v. Weinshienk*,

    882 F.2d 1502 (10th Cir.1989)………………………………… ..8

*Hinman v. Rogers*,

    831 F.2d 937 (10th Cir. 1987)………………………………......7

*Jackson v. Motel 6 Multipurpose, Inc.*,

    130 F.3d 999 (11th Cir. 1997)……………………………….....4

*Liljeberg* v. Health Services Acquisition Corp.,

    486 U.S. 847 (1988)…………………………………………….8

*United States v. Burger*,

    964 F.2d 1065 (10th Cir. 1992)………………………………….7

*United States v. Cooley*,

    1 F.3d 985 (10th Cir. 1993)………………………………….......7

*United States v. Kelly*,

    888 F.2d 732 (11th Cir.1989)…………………………………….8

**STATUTES AND RULES**                                                          **PAGE**

28 U.S.C. § 144……………………………………..…………………….5-6

28 U.S.C. § 455……………...……………………...………………..2, *passim*

28 U.S.C. § 1651……………………………………………………….4

Federal Rule of Appellate Procedure 21……..………………………….1

## PETITION FOR WRIT OF PROHIBITION

Petitioner, Angela W. DeBose, respectfully petitions this Court for a Writ of Prohibition directed to the Honorable William F. Jung, the presiding judge in the underlying case, Angela DeBose v. Florida Polytechnic University Board of Trustees, Case No. 8:25-cv-00828-WFJ-AAS, currently pending in the United States Middle District of Florida, Tampa Division.

## I. JURISDICTION

This Court has jurisdiction to review the Respondent Judge's refusal to disqualify himself, as set forth in 28 U.S.C. § 1651, the All Writs Act, a writ of prohibition is a discretionary order issued by a higher court to prevent a lower court from exceeding its jurisdiction or authority. Writs of prohibition and mandamus are often discussed together and sometimes sought in tandem. While prohibition prevents a court from acting, mandamus compels a court to act. Both are extraordinary remedies, and both are governed by Federal Rule of Appellate Procedure 21.

## II. STATEMENT OF FACTS

1. This action is currently pending before the Honorable Judge William F. Jung, in the United States Middle District of Florida, Case No. 8:25-cv-00828-WFJ-AAS.

1

2. Petitioner(s) filed a Motion to Disqualify the Respondent Judge on June 23, 2025 based on the appearance of bias and improper ex parte communications. A copy of this motion is attached as Exhibit A, (Appendix, p. 4).

3. In support of the motion, Petitioner submitted an affidavit signed by Michael Washington, which details key allegations of bias and ex parte communications, the nature and timing of the ex parte communications, and the parties with whom the judge met and communicated that suggest impropriety. A copy of the affidavit is attached as Exhibit B, (Appendix, p. 12).

4. Despite the allegations and evidence presented, Judge William F. Jung denied Petitioner's motion to disqualify on June 26, 2025. A copy of the order denying the motion is attached as Exhibit C, (Appendix, p. 25).

5. In denying the Motion, the Respondent Judge stated his reason for denial was that even though the affidavit was filed by the Petitioner, the Petitioner was not the Affiant.

## III. REASONS WHY THE WRIT SHOULD ISSUE

1. **Appearance of Impropriety:** 28 U.S.C. § 455(a) mandates that a judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This standard is objective, and it is assessed from the perspective of a reasonable, disinterested observer aware of all the facts.

2

2. **Ex Parte Communications:** The alleged ex parte communications between Judge William F. Jung and Defendants Kemba Lewis, Melissa Polo, Jennifer Gabbard, Steven Merryday, and Victor Crist, as detailed in the affidavit, raise serious concerns about the judge's impartiality and create a strong appearance of impropriety. The fact show that this was not the mere receipt of an unsolicited ex parte communication or happenstance meeting. The judge's actions and response to the communication, including nondisclosure, concealment, or secrecy are crucial. The facts, as presented in the affidavit, suggest that the judge's impartiality might reasonably be questioned by a reasonable observer.

3. **Judge's Refusal to Disqualify:** The judge's refusal to recuse herself despite the clear factual basis provided in the affidavit demonstrates a potential unwillingness to uphold the standards of impartiality required by § 455(a). This refusal reinforces the appearance of impropriety and warrants the issuance of a writ of prohibition to prevent further judicial action that could undermine the integrity of the proceedings.

4. **No Adequate Remedy at Law:** A writ of prohibition is an appropriate remedy to review the denial of a motion to disqualify a judge because it challenges the judge's jurisdiction to continue presiding over the case. Petitioner has no other adequate remedy at law to address the potentially

3

prejudiced judge, as the denial of the motion to disqualify will likely not be reviewable on appeal until after a final judgment is entered, which could be too late to prevent irreparable harm to Petitioner's case.

## IV. LEGAL ARGUMENT

The Eleventh Circuit is empowered to issue writs of mandamus pursuant to 28 U.S.C. § 1651(a), the All Writs Act. Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997). For a writ of mandamus to issue, three conditions must be met: first, the party seeking the writ must have no other adequate means of relief; second, the petitioner must demonstrate his or her right to the writ is clear and indisputable; and third, the issuing court must determine whether a writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81).

### A. Disqualification is Required Under Statute 28 U.S.C. § 455(a) Because the Respondent Judge's Impartiality Might Reasonably Be Questioned.

28 U.S.C. 455(a) requires a judge to disqualify himself in any proceeding where his impartiality might reasonably be questioned. The standard is objective, focusing on whether a reasonable person, considering all circumstances, would doubt the judge's impartiality.

4

The judge's refusal to disqualify himself, despite evidence of the grounds for disqualification, goes against the requirements of 455(a). The judge's ex parte communication about the Petitioner, a party, and the appearance of irrefutable bias create a reasonable question about the judge's impartiality.

### B. 28 U.S.C. § 455(a) Does Not Require an Affidavit or Formal Procedure.

455(a) requires judges to disqualify themselves if their impartiality might reasonably be questioned. It does not require a specific procedure, like a formal affidavit, to trigger this obligation. Petitioner provided an affidavit supporting the disqualification of the presiding judge pursuant to 28 U.S.C. § 144, which provides a mechanism for a party to request recusal when they believe a judge harbors a personal bias or prejudice that would impact their ability to fairly preside over the case. 28 U.S.C. § 144 explicitly grants parties the right to file an affidavit of bias or prejudice. The plain language of 28 U.S.C. § 144 states:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

This statutory text clearly designates the party as the entity empowered to file this affidavit. The judge's focus on the affidavit being provided by an "interested party" or someone other than the Petitioner to deny the motion is incorrect and contradicts

5

the purpose of the disqualification rules. The purpose of 28 U.S.C. § 144 underscores the party's right to seek recusal. Section 144 was enacted to ensure judicial impartiality and promote public confidence in the fairness of the judicial process. By allowing a party to raise concerns about a judge's potential bias, the statute protects the litigant's right to a fair hearing and upholds the integrity of the court. Depriving a party of the ability to file this affidavit would frustrate the core purpose of the statute and leave parties without a direct avenue to address legitimate concerns about judicial bias.

The fact is that Petitioner, a party to the case, submitted the affidavit. The fact is that even if the affidavit is from a nonparty witness or an interested party, this does not reduce the truthfulness or importance of the information presented. The affidavit provides evidence that the judge's impartiality is in question, and the judge had a duty to consider this information and disqualify himself, regardless of the source. Courts have consistently recognized and applied § 144 based on affidavits filed by parties to the litigation. Numerous cases demonstrate that parties, and not solely counsel, have the authority to initiate the recusal process under this statute. The requirement for an accompanying certificate of counsel does not negate the party's right to be the affiant or file a witness affidavit but rather ensures the affidavit's good faith. The affidavit filed by Petitioner satisfies the requirements of 28 U.S.C. § 144.

6

The affidavit of bias or prejudice was timely filed and details specific facts and reasons for the party's belief that bias or prejudice exists.

### C. Ex Parte Communications Create an Appearance of Impropriety.

Ex parte communications with a judge, even on administrative matters, can damage the perception of fairness. Communications regarding the case's substance, especially those that could give one party an advantage, are generally prohibited. The judge's ex parte communications, as detailed in the affidavit, raises serious questions about his impartiality and ability to make a fair decision.

### D. Under the Objective Standard, a reasonable person would doubt the judge's impartiality.

Under § 455(a), judges should apply an objective standard in determining whether to recuse. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case. According to our court of appeals, under § 455(a), "[t]he test in this circuit is """whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."""" *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992), cert. denied, 507 U.S. 1033 (1993) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987))). Under § 5 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

grounds exist to cause an objective observer reasonably to question the judge's impartiality." *Id.* (citing *Liljeberg* 486 U.S. at 861, *Frates v. Weinshienk*, 882 F.2d 1502, 1505-07 (10th Cir.1989), cert. denied, 494 U.S. 1004 (1990), and *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir.1989)).

In refusing to disqualify, the judge did not focus on the objective standard of a "reasonable, disinterested observer" under § 455(a). Based on the facts presented in the affidavit, a reasonable person would doubt the judge's impartiality. The judge's refusal to recuse despite credible evidence of bias or ex parte communications must be emphasized or highlighted, as the judge's undisclosed meeting and ex parte communications suggest a lack of impartiality. The judge's handling of the communication (e.g., failure to disclose or disregard) created an appearance of impropriety that necessitates disqualification under 28 U.S.C. § 455(a).

## V. CONCLUSION AND PRAYER FOR RELIEF

The judge's refusal to disqualify himself, despite clear evidence of bias and ex parte communications, is an abuse of discretion and requires this Court's intervention. The judge's impartiality is reasonably questioned, and a Writ of Prohibition is needed to protect the right to a fair and impartial tribunal.

WHEREFORE, Petitioner(s) respectfully requests that this Court issue a Writ of Prohibition:

1. Prohibiting the Honorable William F. Jung from presiding over further proceedings in the underlying case, Angela W. DeBose v. Florida Polytechnic University Board of Trustees, Case No. 8:25-cv-00828-WFJ-AAS.

2. Ordering the reassignment of the case to a different judge.

3. Granting such other and further relief as this Court deems just and proper.

**Dated the 29th day of June 2025.**           Respectfully submitted,

/s/ *Angela W. DeBose*
Angela W. DeBose

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE

This document complies with the type-volume limit of Fed. R. App. P. 32(g)(1), because, including the parts of the document exempted by Fed. R. App. P. 32(f), this document contains **1,967** words.

/s/ *Angela W. DeBose*
Angela W. DeBose

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **29th** day of June, 2025, a copy of the above and foregoing will be served or delivered to the Honorable William F. Jung, District Judge, and notice of the writ provided to the clerk for filing to notify all counsels/parties of record.

/s/ *Angela DeBose*
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com