

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,

     Plaintiff,

v.                               Case No. 8:25-cv-00828-WFJ-AAS

FLORIDA POLYTECHNIC UNIVERSITY
BOARD OF TRUSTEES,

     Defendant.

_____/

**PLAINTIFF'S MOTION TO DISSOLVE THE STAY,
REACTIVATE THE CASE, AND RENEW COMBINED MOTION FOR CLERK'S
ENTRY OF DEFAULT AND SUMMARY JUDGMENT**

Plaintiff, Angela DeBose, respectfully moves this Court to enter an order dissolving the administrative stay, reactivating this case, and proceeding with an entry of default or summary judgment on the merits. In support, Plaintiff states:

1. On November 12, 2025, this Court entered an Endorsed Order granting Plaintiff's motion to stay and administratively close the case pending certiorari review in the United States Supreme Court, allowing reactivation upon a motion to dissolve the stay (Doc. 41).

2. The related appellate proceedings, including Eleventh Circuit Case No. 25-12205-A and Supreme Court Case No. 25-473, have fully concluded. On June 29, 2026, the Supreme Court of the United States entered its final order denying the petition for rehearing. Accordingly, all appellate remedies are completed, and the stay should be dissolved.

3. As detailed in the concurrently filed Notice of Supplemental Authority, the Eleventh Circuit explicitly ruled on May 20, 2026, that the filing injunction imposed upon Plaintiff "only applies to her employment dispute and the defendants involved in it." Because the claims in the instant action involve Florida Polytechnic University, and not the University of South

Florida employment dispute, Plaintiff is entirely authorized to proceed pro se without an attorney's signature.

4. The active Defendant has failed to properly answer or otherwise defend against the operative complaint within the timeframes prescribed by the Federal Rules of Civil Procedure, despite previous extensions (Doc. 21). Because the case should now be reactivated, Plaintiff retains the right to renew her combined requests for a Clerk's Entry of Default and Summary Judgment on the merits.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 3.01(a), Plaintiff establishes that the following material facts are undisputed, supported by the record, and require entry of judgment as a matter of law:

1. On April 4, 2025, Plaintiff filed the Complaint against Defendant Florida Polytechnic University Board of Trustees (Doc. 1). Process was validly executed and served upon Defendant on April 10, 2025 (Doc. 3). This Court possesses proper subject-matter and personal jurisdiction over the action.

2. Defendant requested and obtained multiple extensions of time to respond to the Complaint (Doc. 5, Doc. 8, Doc. 18). On June 4, 2025, the Court ordered that Defendant's response was due on or before June 30, 2025 (Doc. 21).

3. Defendant failed to file any answer, Rule 12 motion, or responsive pleading by the June 30, 2025 deadline. No responsive pleading was filed prior to the administrative stay entered on November 12, 2025 (Doc. 41).

4. The related appellate proceedings in Eleventh Circuit Case No. 25-12205-A and Supreme Court Case No. 25-473 have reached a final conclusion. The Supreme Court denied the petition for rehearing on June 29, 2026.

5. On May 20, 2026, the United States Court of Appeals for the Eleventh Circuit issued its opinion in Case No. 25-10872, determining as a matter of law that Plaintiff's pre-filing attorney-signature injunction "only applies to her employment dispute and the defendants involved in it." Defendant Florida Polytechnic University is not part of that initial University of South Florida employment dispute.

6. Because Defendant has completely failed to answer, deny, or otherwise defend against the claims set forth in the Complaint within the timeframes mandated by the Federal Rules of Civil Procedure, all well-pleaded factual allegations in Plaintiff's Complaint are deemed admitted as a matter of law.

MEMORANDUM OF LAW

## I. Standard of Review for Summary Judgment

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where a defendant fails to respond or answer, there can be no "genuine dispute" of material fact, and the record stands uncontroverted.

## II. Defendant's Default Establishes Liability as a Matter of Law

Federal Rule of Civil Procedure 8(b)(6) explicitly mandates that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."

By failing to file an Answer or response by the court-ordered June 30, 2025 deadline, Defendant legally admitted all liability and well-pleaded factual claims contained in Plaintiff's

Complaint. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (holding that a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Because the liability elements of Plaintiff's claims stand judicially confessed by Defendant's total non-response, no genuine triable issue of fact remains.

### III. The Bar Order Provides No Legal Basis for Defendant's Non-Response

Any reliance by Defendant or the Clerk on the pre-filing attorney-signature injunction to delay these proceedings or avoid responding is legally invalid. Under the law-of-the-case doctrine, a decision of a legal issue by an appellate court must be followed in all subsequent proceedings in the same case. *See United States v. Anderson*, 772 F.3d 662, 668 (11th Cir. 2014).

The Eleventh Circuit's May 20, 2026 mandate in Case No. 25-10872 explicitly clarifies that the filing restriction is confined solely to the initial USF employment dispute. Defendant Florida Polytechnic University is an entirely distinct state entity. Therefore, Plaintiff is legally authorized to maintain this action pro se, and Defendant's intentional failure to answer constitutes an unexcused default.

### CONCLUSION

There is no genuine dispute as to any material fact regarding Defendant's failure to answer the Complaint, and the underlying liability claims are deemed admitted under Rule 8(b)(6). Plaintiff is entitled to entry of summary judgment on the merits as a matter of law.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. **GRANT** this Motion, dissolve the stay (Doc. 41), and reactivate this case;

b. **DIRECT** the Clerk to record the entry of default against Defendant; or alternatively,

c. **ENTER** Summary Judgment in favor of Plaintiff; and

d. **GRANT** any further relief this Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) of the Middle District of Florida, Plaintiff certifies that due to her pro se status and the current default posture of the adverse entity, a traditional conferral could not be completed, or Defendant maintains its posture of non-response, necessitating court intervention.

**Dated: July 8, 2026**

Respectfully submitted,

Angela DeBose
1107 W. Kirby Street
Tampa, FL 33604
Ph: (813) 230-3023
*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of July, 2026, a true and correct copy of the foregoing Plaintiff's Motion to Dissolve the Stay, Reactivate the Case, and Renew Combined Motion for Clerk's Entry of Default and Summary Judgment has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record for the Defendant:

Nicholas Thaddeus Zbrzeznj, Esq.
Lydia Sturgis Zbrzeznj, Esq.
Southern Atlantic Law Group, PLLC
290 1st Street S.
Winter Haven, FL 33880
Email: nick@southernatlanticlaw.com
Email: lydia@southernatlanticlaw.com
*Counsel for Defendant Florida Polytechnic University Board of Trustees*

Respectfully submitted,

Angela DeBose
1107 W. Kirby Street
Tampa, FL 33604
Ph: (813) 230-3023
*Plaintiff Pro Se*