**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANGELA DEBOSE,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-00828-WFJ-AAS**

**FLORIDA POLYTECHNIC UNIVERSITY BOARD OF TRUSTEES,**

**Defendant.**
**________________________________________/**

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

Defendant, Florida Polytechnic University Board of Trustees ("Florida Poly"), responds in opposition to Plaintiff's Motion to Strike Defendant's Notice of Clarification (Doc. 92; "Motion"). The Motion is frivolous. It should be denied for the following reasons:

1. The exhibits attached to Plaintiff's Response and Clarification to Defendant's Notice of Clarification (Doc. 87; "Clarification Response") and Florida Poly's Notice of Clarification (Doc. 85; "Notice") speak for themselves. *Compare* Doc. 85-1, *with* Doc. 87-1. Plaintiff admits she filed her Motion to Stay Proceedings (Doc. 82; "Motion to Stay") *before* receiving Florida Poly's position on the requested

relief. Motion at 3; Ex. A at 2 (Florida Poly "did not provide its position until . . . after the motion was filed").[1]

2. Plaintiff yet again failed to confer with Florida Poly before filing the instant Motion, suggesting she misunderstands the conferral requirement of Local Rule 3.01(g) or simply disregards it. *See* Ex. A at 2-3; Motion at 4.

3. Even if the Notice were a response (which it is not), Florida Poly was entitled to file a response. *See* Local Rule 3.01(d) ("A party may respond to a motion within fourteen days . . . .").[2]

4. To the extent the Motion seeks relief under Federal Rule of Civil Procedure 11, Plaintiff did not serve it at least twenty-one days before filing. *See* Motion at 3; Fed. R. Civ. P. 11(c)(2).

## CONCLUSION

Plaintiff's Motion (Doc. 92) is frivolous and should be denied.

---

[1] Plaintiff takes the baffling stance that Florida Poly's non-opposition was "a post-filing shift in [its] position," Motion at 1, despite acknowledging that Florida Poly did not take "any position" until *after* she had filed her Motion to Stay ("due to Defendant's absolute silence" between 9:58 P.M. and 9:48 A.M. the following morning). *Id.* at 3. This is all the more questionable because her Motion to Stay is stamped as being filed at 2:17 P.M., well before her 9:58 P.M. response to Florida Poly's counsel. Motion to Stay at 1. Accordingly, that document's 3.01(g) certification incorrectly states that Plaintiff conferred with Florida Poly and that Florida Poly opposed the requested relief. *See* Motion to Stay at 3. Regardless, Florida Poly believes that the facts and timeline speak for themselves. Indeed, it does not appear that Plaintiff disputes the specific timeline—only its characterization.

[2] Plaintiff falsely states that Local Rule 3.01(c) requires "explicit leave of Court" to file "a reply <u>or responsive memorandum</u> regarding non-dispositive motions." Motion at 2 (emphasis added). As the Court is well aware, this is not true.

Date: October 20, 2026

Respectfully submitted,

*/s/ Jason A. Pill*

Jason A. Pill
Florida Bar No. 70284
Wesley D. Thorp
Florida Bar No. 1039837
PHELPS DUNBAR LLP
100 South Ashley Drive - Suite 2000
Tampa, Florida 33602
Telephone: (813) 472-7550
jason.pill@phelps.com
wesley.thorp@phelps.com

-and-

Lydia S. Zbrzeznj
Florida Bar No. 98181
Nicholas T. Zbrzeznj
Florida Bar No. 98180
290 1st Street South
Winter Haven, Florida 33880
Telephone: (863) 656-6672
nick@southernatlanticlaw.com
lydia@southernatlanticlaw.com
pleadings@southernatlanticlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and electronically served Plaintiff via email to awdebose@aol.com.

*/s/ Jason A. Pill*
*Attorney*